**McINTYRE, Appellee, v. B. F. GOODRICH COMPANY, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4522.   Decided June 15, 1955.

Rossetti & Zwick, for appellee.
Wise, Roetzel, Maxon, Kelly & Andress, for appellant.

## OPINION

By STEVENS, PJ.

This proceeding is an appeal on questions of law from a verdict and judgment of the Court of Common Pleas of Summit County.

In the trial below a verdict was returned by the jury in favor of plaintiff, finding him to be entitled to participate in the Workmen's Compensation Fund of Ohio, upon which verdict judgment was duly entered. The legal propriety of that judgment is here challenged.

The evidence of record discloses that the claimant became an employee of defendant employer at its Akron plant on December 23, 1945. He was given the position of a helper on a bias machine, moving stock from the machine to a table. While so engaged, on December 28, 1945, he suffered injury to his right leg and knee.

On June 26, 1946, the employer reported said accident to the Industrial Commission of Ohio, and claimant made application to his employer for compensation and medical service for injuries claimed to have resulted from said accident.

On February 19, 1946, employer reported to the Indusgtrial Commission payment to claimant of $71.19 as compensation for temporary total disability of 3-4/7 weeks—from January 12, 1946, to February 5, 1946. In the interim between 1946 and March 8, 1949, numerous applications were filed by the employee and denied by the Commission.

On March 8, 1949, claimant filed with the Commission an application for modification of award and additional compensation beyond the date of last payment, by reason of his injury of December 28, 1945; and on August 30, 1950, the Commission denied said application, for the reason that "proof of record fails to show claimant has suffered any disability in excess of that for which he has been previously compensated."

On September 5, 1950, claimant filed an application for a rehearing of his claim.

On September 19, 1950, the Commission entered the following order:

"On this day, to wit, September 19, 1950, this claim came before the Commission and it was ordered that the Commission's record of its findings herein of **August 30, 1950, be corrected to conform to the Commission's order and intention and made to read as follows, to wit:**

" 'This day, to wit, August 30, 1950, this claim coming on for further hearing for consideration of the Commission upon an Application for Modification of Award and Additional Compensation Beyond the Date of Last Payment, filed March 8, 1949, by the Claimant herein, together with the other proof of record, upon consideration thereof it is the finding of the Commission that **proof of record does not show that the Claimant's disability was due to or the result of the injury upon which this claim is predicated.**

" 'It is, therefore, ordered that the Application for Modification of Award and Additional Compensation, filed herein by the Claimant under date of March 8, 1949, be and the same are hereby dismissed.' " (Emphasis ours.)

On September 25, 1950, the Commission entered this order:

"On this day this claim came before the Commission upon an Appli-

cation for Rehearing filed on September 5, 1950, and in accordance with the provisions of §1465-90 GC of the Workmen's Compensation Act, and upon consideration thereof the Commission grants the Claimant a rehearing and appoints a Referee to take testimony."

After the hearing, the Commission, on January 28, 1952, ordered the claim to be dismissed because the claimant was not disabled as the result of an injury sustained in the course of and arising out of employment.

On March 4, 1952, claimant filed his petition on appeal in the Court of Common Pleas of Summit County, Ohio, and thereafter, on June 5, 1952, an amended petition was filed, wherein it was alleged that a rehearing was had upon the denial of his application, filed March 8, 1949, for modification of award and additional compensation beyond date of last payment and that same was disallowed.

To that petition employer filed an answer, setting up the following special defenses:

1. That the Commission was without right or authority to make its order of September 25, 1950.

2. That there was no legal authority for such a rehearing proceeding.

3. That the trial court did not have jurisdiction of the subject matter of the appeal.

Upon trial, the matter was submitted to a jury, which found that claimant was "entitled to compensation according to the Workmen's Compensation Laws of Ohio." Judgment was entered upon the verdict as returned by the jury on January 12, 1954. Motions for judgment notwithstanding the verdict, and for a new trial, were filed and overruled.

These errors are assigned by appellant:

1. The Common Pleas Court erred in assuming jurisdiction of the appeal.

2. Error in the admission of evidence.

3. The verdict and judgment are manifestly against the weight of the evidence.

4. Error in refusing to submit appellant's requested findings of fact Nos. 4, 5, 6, 7 and 8.

5. Error in giving appellee's special request to charge before argument, and error in the general charge.

6. Error in refusal to direct a final judgment for defendant, and in overruling appellant's motion for a new trial.

We address ourselves first to the claim of appellant that the Common Pleas Court was without jurisdiction to entertain the appeal from the order of the Industrial Commission.

Sec. 4123.51 R. C., in part, provides:

"The Industrial Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon are final, except as provided in this section. * * * In all claims for compensation on account of injury, or death resulting therefrom, if the Commission denies the right of the claimant to receive

compensation or to continue to receive compensation, the order of the Commission shall state the grounds on which the claim was denied. If the claim was denied on any of the following grounds:

"* * *

"(D) The claimant's disability is not the result of the injury.

"* * *

"* * * the claimant may, within thirty days after the receipt of notice of such finding of the Commission, file an application with the Commission for a rehearing of his claim * * *."

Sec. 4123.52 R. C., provides, in part:

"The jurisdiction of the Industrial Commission over each case shall be continuing, and the Commission may make such modification or change with respect to former findings or orders with respect thereto, as in its opinion is justified. * * *

"This section does not deprive the Commission of its continuing jurisdiction to determine the questions raised by any application for modification of award which has been filed with the Commission after June 1, 1932 * * *."

It seems to us scarcely debatable that, under the provisions of §4123.52 R. C., the Commission had an express statutory grant of authority to modify or change its former finding or order, if, in its opinion, such change was justified.

The change made by its order of September 19, 1950, indicates the Commission's belief that such change was justified, and there is no showing to the contrary.

We need inquire no further than the order of September 19, 1950, to determine that the dismissal of plaintiff's application for modification of award and additional compensation beyond the date of last payment was based upon the Commission's conclusion that "proof of record does not show that the claimant's disability was due to or the result of the injury upon which this claim is predicated."

Such a determination falls within exception "D" of §4123.51 R. C., and hence furnishes the predicate for a rehearing. All of the proceedings occurred within the ten-year limitation imposed by §4123.52 R. C. See: State, ex rel. New Idea, Inc., v. Blake, et al., 145 Oh St 209.

The trial court, in passing upon defendant's objection that it had no jurisdiction to entertain the appeal, was required to examine the orders of the Commission to ascertain whether the order from which the appeal was taken fell within any of the exceptions enumerated in §4123.51 R. C.

It appearing from the record that said order did fall within exception "D" of said section, so as to lay the foundation for a rehearing, and that the Commission, upon rehearing, denied upon a jurisdictional ground the relief which claimant sought, the trial court's conclusion that it did have jurisdiction to entertain the appeal was not erroneous, nor contrary to law. The Commission's order was a denial, upon a jurisdictional ground, of the right to participate. Mummert v. Cincinnati & Suburban Bell Telephone Co., 56 Oh Ap 511.

It is next asserted, in assignments of error 2, 3 and 6, that, in the

testimony of claimant's experts, the questions asked of them as to causal relationship between plaintiff's injury of December 28, 1945, and his subsequent claimed disability, and the answers permitted to be given, were not confined to direct and proximate causal relationship, but to "causal relationship."

That complaint is conclusively answered by the Supreme Court of Ohio in **Fox v. Industrial Comm.,** and **Schiele v. Industrial Comm., 162 Oh St 569,** at **p. 577,** as follows:

"The first medical witness was asked whether there was a causal relationship between the plaintiff's injury and the heart ailment. The court sustained an objection to this question for the reason that it did not require the witness to answer whether there was a direct or proximate causal relationship. A proffer was made that the witness, if permitted, would answer that 'I believe there is a causal relationship.'

"The exclusion of this question and answer was error. If admitted, the answer would constitute some evidence of causal relationship, since a proximate causal relationship is a causal relationship."

There was in this record, however, testimony as to "probable causal relationship," which indeed has a bearing on the issue of proximate causal relationship, and was proper for the consideration of the jury in determining the issue of proximate causal relationship between the injury and resulting disability. Fox v. Industrial Comm., supra.

We find no prejudicial error as to appellant's assignments 2, 3 and 6.

It is next contended that the trial court erred when it refused to submit, to the jury, appellant's requested special interrogatories Nos. 4, 5, 6, 7 and 8.

Interrogatory No. 4 required of the jury an answer as to whether or not claimant's disability was of such character as to prevent him from doing the kind of work which he had performed prior to his admitted injury.

The answer to that question could not test the propriety of a general verdict for plaintiff.

The fact of disability, subsequent to the period for which plaintiff had been compensated, was the thing sought to be established.

There is no provision in the Workmen's Compensation law which indicates that, if claimant is able to do the same work which he performed prior to his injury, he may not, by reason thereof, show compensable disability.

"Disability" has been defined in **Cleveland Provision Co. v. Hunter, 35 Oh Ap 170,** as follows:

"6. 'Disability,' within meaning of Workmen's Compensation Act, is inability to work with same degree of ease and competency as before injury irrespective of fact of compensation payments * * *."

Whether claimant could or could not perform the "same kind of duties that he was performing on December 28, 1945," was a matter of no consequence in a determination of whether or not he was disabled subsequent to the date of the last payment of compensation to him.

The requested finding was properly refused.

Interrogatory No. 5 read:

"If your answer to Question No. 1 is 'Yes,' was plaintiff disabled as a

direct and proximate result of any new and changed conditions arising subsequent to February 5, 1946?"

The question asked was one which it was the sole province of the Industrial Commission to answer, and, accordingly, was not properly submissible to the jury.

The only question for determination by the jury was whether or not, as a direct and proximate result of the injury of December 28, 1945, plaintiff suffered any disability after January 25, 1946, that being the last day for which he was compensated.

Interrogatories 6 and 7, being based upon an answer to No. 5, were properly refused, when No. 5 was refused.

Interrogatory No. 8 inquired of the jury as to what percentage of the disability of claimant was the proximate result of the injury sustained on December 28, 1945.

This interrogatory was also properly refused because the inquiry therein made was one solely for the determination of the Industrial Commission and not of the jury. **Fisher Body Co. v. Cheflo, 122 Oh St 142, paragraph 1** of syllabus.

We find no prejudicial error in any of the respects charged with reference to plaintiff's special instructions before argument, or in the general charge of the court. In our opinion, substantial justice has been accomplished in this case, and the judgment will accordingly be affirmed.

Affirmed.

HUNSICKER and DOYLE, JJ, concur.