**SHIRA, Appellant, v. B. F. GOODRICH CO., Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 4238.   Decided February 20, 1952.

Merrill D. Brothers, for appellant.
Wise, Roetzel, Maxon, Kelly & Andress, Akron, for appellee.

## OPINION

By DOYLE, J.

The appeal before this court is on questions of law from a judgment of the Court of Common Pleas of Summit County,

entered upon a directed verdict for the defendant, The B. F. Goodrich Co., at the conclusion of the plaintiff's evidence. The trial court found "that the plaintiff did not have the right to participate in the benefits of the Workmen's Compensation Act of the state of Ohio," and "accordingly directed a verdict for the defendant" and entered judgment thereon.

The action in the court below was a proceeding under authority of §1465-90 GC, growing out of an order of the Industrial Commission's finding that claimant's disability was not the result of an injury sustained in the course of and arising out of his employment.

It is the assertion of the claimant in his petition and in his testimony that he was injured in the course of his employment through exposure to poisonous gases while working on fuel cells for aircraft bombers at the defendant company. The injury is claimed to have occurred on the 27th day of July, 1941. It is further claimed that, by reporting to the defendant's dispensary and other conduct by both the claimant and the defendant, the claimant, on March 24, 1942, satisfied the statute requiring application for compensation to be made within two years from the time of the injury. It is admitted that **written** application was not made within two years from the date of the injury, and the fact is that the **first written claim** was made on August 27, 1947.

On July 27, 1941 (the date of the alleged injury), §1465-72a GC, provided:

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the industrial commission of Ohio or to the employer in the event such employer has elected to pay compensation direct "

It will be noted in the above section of the Code that written application was not required; and it may be that, if the statute had not been amended, claimant's conduct might be found to have constituted an application for compensation.

However, effective September 4, 1941, the Code section above was amended to read as follows:

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, written application shall have been made to the industrial commission of Ohio or, in the event the employer has elected to pay compensation direct written notice of injury shall have been given to the industrial commission or compensation shall have been paid under §§1465-79, 1465-80, 1465-81 GC within two years after the injury or written notice of death shall have been given to the industrial commission

or benefits shall have been paid under §1465-82 GC within two years after the death.

"The industrial commission of Ohio shall provide printed notices quoting in full the last preceding paragraph and each and every employer who is authorized to pay compensation direct to injured employees or dependents of killed employees shall be required to post and maintain at all times one or more of such notices in conspicuous places in the workshop or places of employment."

In the opinion of the members of this court, the time requirement for the written application for compensation in the above amended statute is mandatory and jurisdictional.

See: State, ex rel. Caton, v. Industrial Comm., 76 Oh Ap 249.

State, ex rel. Fruehauf Trailer Co., v. Coffinberry, et al., etc., 154 Oh St 241.

State, ex rel. Carr, v. Industrial Comm., 130 Oh St 185.

Assuming, but not deciding, that the claimant's assertions have legal substance—that application for compensation was made on March 24, 1942—our first problem is to determine which statute applies—the one in effect on July 27, 1941 (not requiring written application within the two-year period), or the amended section in effect on March 24, 1942 (requiring written application within two years). It will be remembered that no **written** application was made until August 27, 1947.

In deciding this question, attention is directed to §26 **GC**. It is in the following terms:

"Effect of amendment or repeal on pending actions. Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect **pending actions, prosecutions, or proceedings,** civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect **pending actions, prosecutions, or proceedings, unless so expressed,** nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act." (Emphasis ours.)

It is our view that §1465-72a GC, before and after the amendment effective September 4, 1941, was and is remedial in operation on rights, obligations, duties and interests already existing; that it does not create and define substantive rights. Under these circumstances, §26 GC, supra, requires us to apply the statute (§1465-72a GC), as amended, to the present controversy. And in applying it, we determine that the Industrial Commission at no time acquired jurisdiction of the claim, for the obvious reason that the only application in writing was made more than six years after the cause arose,

and the claimed application, not in writing, was not sufficient to confer jurisdiction on the Commission.

Under §26 GC, "The Legislature has provided in terms that, when the amendment * * * relates to the remedy, it shall not affect pending actions, unless so expressed. In this present controversy no action had yet been brought. Sec. 26 GC does not expressly provide that it shall not in remedial matters affect existing causes of action upon which suit had not been begun at the time the amendment or repeal went into effect. Was this an oversight? If so, it can make no difference in judicial interpretation, if the language is plain, clear, and unambiguous."

**Smith v. N. Y. C. Rd. Co., 122 Oh St 45, at p. 52.**

We find the language in the statute, as did the Supreme Court, "plain, clear, and unambiguous"; and we find that on the effective date of the amendment to the statute there was no "pending action." There is a vast difference between a "pending action," and a "cause of action" upon which suit has not been commenced.

In summary of our conclusion, we say that, regardless of whether an oral application for compensation had been made within two years from the date of the injury, nevertheless, such application, when made after the effective date of the amendment to the statute, was of no effect, for the reason that the amended statute controlled, and, in the absence of a written application, the Industrial Commission acquired no jurisdiction.

It is the further conclusion of this court that it is within the power of the courts to reverse or affirm the action of the Industrial Commission in accepting jurisdiction of a claim. See: **State, ex rel., v. Coffinberry, et al., 154 Oh St 241.**

This opinion could properly terminate at this point. However, in consideration of the two grounds given by the trial court in entering judgment for the defendant—viz., (1) an application in writing was not made within the statutory period, and (2) "the plaintiff did not suffer an accidental injury in the sense in which that term is used in the Workmen's Compensation Law," we not only affirm the action of the trial court on the basis of its first ground, but likewise find that the second ground is amply sustained by the evidence.

Judgment affirmed.

HUNSICKER, PJ, STEVENS, J, concur.