STATE, ex rel. KOVAL, Plaintiff-Relator, v. INDUSTRIAL COMMISSION and WHITE MOTOR COMPANY, Defendants-Respondents.

Ohio Appeals, Second District, Franklin County.

No. 5168. Decided March 1, 1956.

Gilbert Weil, Cleveland, for plaintiff-relator.

C. William O'Neill, Atty. Genl., Paul Tague, Jr., S. Noel Melvin, Asst. Attys. Genl., Columbus, for defendants-respondents, Industrial Commission.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION
By HORNBECK, J.

This is an action wherein relator prays that an alternative writ of mandamus issue to respondent commission, requiring it to enter an order granting his application for an award for compensation for lost time, or that in the alternative the respondent commission show cause why such order should not be granted; and that upon final hearing of this cause, said alternative writ be made permanent and that he recover his costs herein expended.

Relator's petition is extended and sets out fully the factual developments upon which he predicates his claim for relief. The determinative fact is that the occurrence in which relator claims he suffered an accidental injury entitling him to compensation under the Workmen's Compensation Act occurred more than two years before he filed formal application with the Industrial Commission for adjustment of claim by reason of his injury. More significant is the fact that he filed no written claim for compensation with his employer, the respondent, The White Motor Company, a self-insurer, within two years after the date of his claimed injury. Sec. 1465-72a CG.

In the situation thus presented, we are disposed to follow the opinion of Judge Doyle, of the Ninth Appellate District, in **Shira v. B. F. Goodrich Co., 67 Abs 548**. The first headnote of this case holds:

"The requirement in §1465-72a GC that a written claim for compensation under Workmen's Compensation Act be filed within two years from the date of the injury is mandatory and jurisdictional."

Nor would the representation, if wrongfully made by the medical director of the employer, that the relator had no compensable injury to his back, toll the statute, **Greenwalt v. The Goodyear Tire and Rubber Co., 164 Oh St 1**. The relator was put on timely notice that his employer denied that he had suffered an injury compensable under the Workmen's Compensation Act.

The record supports the conclusion that Dr. Sikes of respondent company referred relator to Dr. Duncan for diagnosis and that the three times that he was seen by Dr. Duncan were under the original referral. It is also to be presumed that Dr. Duncan was paid or to be paid by the employer and that Dr. Duncan's diagnosis which differed from that of Dr. Sikes was consistent with the conclusion that relator was suffering from an accidental injury. It is also true that Dr. Sikes had knowledge of the diagnosis of Dr. Duncan, that the relator did not have such knowledge and that relator was, in probability, caused to seek payment for sickness from the insurance company by the representation of Dr. Sikes, who may have, in good faith, accepted his own diagnosis. Notwithstanding these favorable facts in behalf of the relator the mere payment for medical services for him was not, in our judg-

ment, a recognition that he suffered a compensable injury under the Workmen's Compensation Act.

The determination whether or not an injury is compensable should not be left for determination to a self-insurer employer.

Under the statute controlling of the judgment in this case, we cannot afford any relief to the relator although we are satisfied that he suffered an injury in the course of his employment which, if adjudicated, may have been determined to be accidental in origin and cause and therefore compensable.

The writ will be denied.

MILLER, PJ, FESS, J, concur.