**STOICH, Plaintiff-Appellant, v. TRUSCON STEEL DIVISION OF REPUBLIC STEEL CORPORATION et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3859.   Decided November 1, 1956.

Traxler & Beil, Youngstown, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendant-appellee, Truscon Steel Division of Republic Steel Corporation.

C. William O'Neill, Atty. Genl., James L. Young, Asst. Atty. Genl., Columbus, for administrator-appellee.

## OPINION

Per CURIAM.

In his petition filed on appeal in the court of common pleas from an order of the Industrial Commission of Ohio finding that he was not permanently and totally disabled as a direct and proximate result of an injury received in the course of his employment with Truscon Steel, Division of Republic Steel Corporation, a self-insurer under the Workmen's Compensation Act of Ohio, plaintiff alleged:—

"* * * that on October 30, 1946, while performing his regular work for the defendant, Truscon Steel Division of Republic Steel Corporation, he sustained an injury when he fell from a truck a distance of about 2½ feet, sustaining a fracture of the right leg; that he was paid the maximum compensation for temporary total disability and the maximum compensation for temporary partial disability and the Industrial Commission thereupon found the plaintiff was not permanently and totally disabled as a result of the injury. This finding was made by the Industrial Commission after his claim was processed through the various stages before said Commission and finally disallowed on November 14, 1955. A copy of this finding was mailed to the plaintiff under date of December 8, 1955."

The trial judge sustained defendants' demurrers to plaintiff's petition filed in that court and entered judgment accordingly.

In his journal entry ruling on defendants' demurrer the court held:—

"The court finds that plaintiff's injury occurred on October 30, 1946 and the Workmens Compensation Law then in effect is the measure of his substantive right to participate in the Workmen's Compensation Fund. Plaintiff was paid the maximum compensation for temporary total and temporary partial disability. On November 14, 1955, the Industrial Commission denied his right to permanent and total disability, from which decision he now appeals. Sec. 4123.51.9 R. C., effective October 5, 1955, provides an appeal to this court in any injury case other than a decision to the extent of disability; and provides further that its terms shall apply to all decisions of the Commission after its effective date. The question here involves not plaintiff's substantial right to compensation, but the extent of his remedy to enforce that right. Sec. 4123.51.9 R. C., clearly excepts decisions as to the extent of disability from the right of appeal."

Plaintiff appealed to this court from the judgment of the court of

common pleas on the ground that the judgment of that court is contrary to law.

Plaintiff contends that:—

"* * * Sec. 4123.51.9 R. C., effective October 5, 1955, is unconstitutional so far as the plaintiff is concerned, and cannot be retroactive in nature as it involves substantive rights."

It is conceded that plaintiff sustained an accidental injury on October 30, 1946, while employed by his employer defendant, Truscon Steel Division of Republic Steel Corporation, and was paid the maximum amount of total and temporary partial compensation.

The demurrers of both defendants were properly sustained on the urged grounds that plaintiff appealed on the "extent of the liability" which is specifically prohibited by the provisions of §4123.51.9 R. C., which as applicable to the facts of the case we review provides:—

"The claimant * * * may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted. * * *."

Plaintiff has been deprived of no substantive right by §4123.51.9 R. C., as urged. Only a procedural remedial right was affected by that section of the Revised Code, which the legislature clearly had a right to change. The rights to compensation generally to death benefits and certain specified amounts of compensation are substantive rights but the remedial procedures are not substantive rights.

In the case of **State of Ohio, ex rel. Michaels v. Richard Morse, etc.,** No. 5372, Franklin County Court of Appeals (**75 Abs 536,** Affirmed **165 Oh St 599,** OS No. 34765), it is said:—

"Although **Article II, Chapter 28, Ohio Constitution,** has application to laws disturbing accrued, substantive rights, it has no application to laws of a remedial nature providing rules of practice, course of procedure or methods of review. * * *

"The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it—that is, there is no right in a particular remedy. * * *."

Sec. 4123.51.9 R. C., is a remedial statute and may operate retroactively.

In **State, ex rel. Slaughter v. Industrial Commission, 132 Oh St 537,** it is said:—

"**Section 28, Article II, Ohio Constitution,** prohibiting the passage of retroactive laws, has application to laws disturbing accrued substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review."

A clear incompatibility between a statute and the Constitution must exist before a court is justified in declaring such statute unconstitutional. **Xenia v. Schmidt, 101 Oh St 437; 10 O. Jur. (2nd) 248, 254.**

The judgment of the court of common pleas is affirmed.

PHILLIPS, PJ, GRIFFITH, J, concur.
NICHOLS, J, dissents.

## DISSENTING OPINION

By NICHOLS, J.

The "petition" filed by the appellant in the court of common pleas was not filed therein until after the effective date of §4123.51.9 R. C.

The allegations of such "petition" clearly show that appellant's claim was not denied by the Commission upon rehearing within sixty days prior to the effective date of §4123.51.9 R. C., it being specifically stated in the "petition" that the claim was finally disallowed by the Commission on November 14, 1955.

The last paragraph of §4123.51.9 R. C., reads as follows:—

"An action pending in the court of common pleas on a petition under §4123.51 R. C., filed therein prior to said effective date, and a claim which has been denied by the commission upon rehearing under §4123.51 R. C., within sixty days prior to the effective date of this act shall not be affected by the repeal of said section."

Such paragraph of the section clearly indicates that plaintiff's right of appeal at the date his "petition" was filed in the common pleas court was limited to and governed by §4123.51.9 R. C., which section does not provide for the filing of a "petition" in the common pleas court but merely the filing of a notice of appeal, the language of the section being:—

"The claimant * * * may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *. Notice of such appeal shall be filed by the appellant with the commission and the court of common pleas within sixty days after the date of mailing of the decision of the commission appealed from * * *.

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from and the fact that the appellant appeals therefrom."

Doubtless the filing of the petition and the issuing and service of such summonses, as was done in this case, would serve the purpose of the provisions for notice of appeal.

There seems to be no provision for the filing of a demurrer to the notice of appeal provided for by the section.

It is my conclusion that the common pleas court was in error in sustaining the demurrer filed to the notice of appeal (which was denominated by the employee as a "petition"), and that any objections to the right of appeal must be made "in accordance with the rules of civil procedure."

I find no rule of civil procedure which contemplates a demurrer to a notice of appeal, but if such procedure is authorized the notice of appeal contained every allegation of fact required by the section.

When the question properly arises in this case according to the rules of civil procedure it will be necessary to determine whether the words of the §4123.51.9 R. C., to-wit, "other than a decision as to the extent of disability" presents an insurmountable barrier to the right of this claimant to appeal when the specific language of the commis-

sion denying the employee's claim for compensation for permanent and total disability was clearly based upon the fact that such total and permanent disability "was not the result of the injury."

It appears to me that in this instance the commission has never determined "the extent of disability" due to the injury but has merely found that plaintiff's disability even though permanent is not due to his injury. Such finding has always constituted a final appealable order, and I find no reason to believe that the legislature intended by the language of the new act to depart from the settled law in that respect and thereby deprive the claimant of the due process of law contemplated by the governing compensation cases.