**FRANK, Plaintiff-Appellant, v. YOUNGSTOWN SHEET & TUBE COMPANY, and SCANLON, Admr., BUREAU OF WORKMEN'S COMPENSATION, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3872.  Decided November 1, 1956.

420

Traxler & Beil, Youngstown, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., James L. Young, Asst. Atty. Genl., Columbus, for defendant-appellee, Administrator, Bureau of Workmen's Compensation.

Manchester, Bennett, Powers & Ullman, Youngstown, for appellee, Youngstown Sheet & Tube Company.

## OPINION

Per CURIAM.

The Industrial Commission of Ohio paid plaintiff temporary total compensation and permanent partial compensation for an accidental injury received in the course of his employment with defendant corporation, a self-insurer under the Workmen's Compensation Act of Ohio, but found he was not permanently and totally disabled as the result of his injury.

Acting on authority of §4123.51.9 R. C., upon appeal to the court of common pleas a judge thereof sustained defendant's demurrer to plaintiff's petition filed therein on the ground that plaintiff's petition did not state a cause of action, and entered judgment accordingly.

Plaintiff appealed from that judgment to this court on questions of law, and for his sole assignment of error claims that the judgment of the court of common pleas is contrary to law.

As applicable §4123.51.9 R. C., effective October 5, 1955, provides:—

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, * * *."

Plaintiff contends that the filing of his application for compensation with the Industrial Commission is a proceeding within the terms of §26 GC, governed thereafter in all respects by the statutes in force when the claim was originally filed, and cites State, ex rel. Longano v. Industrial Commission, 135 Oh St 165. Plaintiff further contends that his cause of action accrued at the time he was injured in the course of his employment on August 4, 1947; that the provisions of §1465-90 GC, in effect on the date when he was injured, guaranteed to him the right to appeal to the court of common pleas from the ruling of the Industrial Commission from which he attempted to appeal; and that §1465-90 GC, controls. Plaintiff further cites as authority State, ex rel. Thompson, v. Industrial Commission, 138 Oh St 439, wherein it is said:—

"The filing of an application for compensation constitutes the commencement of a proceeding and the subsequent filing therein of an application for modification of a former finding and order or for additional compensation is but a step in a proceeding that is pending within the meaning of §26 GC."

Sec. 4123.51.9 R. C., further provides:—

"* * * The provisions of this section shall apply to all decisions of the commission which are made on and after the date on which this act becomes effective * *\*."

Plaintiff contends that §4123.51.9 R. C., is not applicable because it was not in effect when he was injured on August 4, 1947.

The provisions of the quoted statute answer this contention of the plaintiff.

Plaintiff was deprived of no substantive right.

Section 28, Article II, Ohio Constitution, provides:—

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

As suggested by counsel for defendant:—

"This Constitutional provision concerns matters of substance and has no application to remedial matters. The third paragraph of the syllabus in the case of State, ex rel. Slaughter, v. Industrial Commission, 132 Oh St 537, holds:

"'Section 28, Article II, Ohio Constitution, prohibiting the passage of retroactive laws, has application to laws disturbing accrued substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review.'

"Sec. 1.20 R. C., since it deals with the effect of the repeal or amendment of statutes, is pertinent and aids in the construction of Section 28, Article II, Ohio Constitution.

"Inasmuch as §4123.51.9 R. C., contains a definite express provision that all pending claims shall be subject to the provisions of §§4123.51.2 to 4123.51.9 inclusive, R. C., it seems apparent that it is a constitutional enactment, provided the change of October 5, 1955, changed plaintiff's 'remedy' and did not withdraw a 'right.'

"Even though the statute being considered is new, the problem involved, that of 'right' as opposed to 'remedy,' and the amending or repealing of statutes has been considered by our supreme court on many occasions.

"The first paragraph of the syllabus in County of Miami v. City of Dayton et al, 92 Oh St 215, reads as follows:

"'A statute that provides a rule of practice, a course of procedure or a method of review, is remedial in its nature and should be broadly and liberally construed to accomplish the purposes of its enactment.'

"The supreme court, after considering this holding in the County of Miami case, stated at page 544 of the Slaughter case, supra:

"'It is therefore difficult to avoid the conclusion that any right of appeal or review given by statute from an order of the Industrial Commission to a court must be classed strictly as a remedy.'"

In the opinion written in the case of State, ex rel. Slaughter, v. Industrial Commission of Ohio, 132 Oh St 537, at page 544, the court said:—

"* * * A different situation is presented where a jury trial is dependent upon the right of appeal under a remedial statute. If the availability of the statute is removed, the benefit of a jury trial goes with it."

In an unreported opinion written by Fess, J., sitting by designation in Franklin County, in the case of State, ex rel. Michaels, v. Industrial Commission, case number 5372, the court said:—

"* * * Although **Article II, Section 28, Ohio Constitution,** has application to laws disturbing accrued substantive rights, it has no application to laws of a remedial nature providing rules of practice, courses of procedure or methods of review. * * *.

"The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it—that is, there is no vested right in a particular remedy. * * *."

The Legislature is vested with the power of determining the question of mode of attainment of rights granted by the Workmen's Compensation Law. The choice of refusing to allow appeal from determinations by the Industrial Commission as to the extent of disability of injured workmen was solely that of the Legislature and certainly did not violate a constitutional protection or a statutory privilege.

The plaintiff did not acquire a vested right in the remedy of appeal provided for in §1465-90 GC. Therefore, **Article II, Section 28, Ohio Constitution,** was not violated. The change provided by §4123.51.9 R. C., concerned a remedial matter. This was perfectly proper and within the discretion of the Legislature in that §1.20 R. C., was not violated because of the direct expression in §4123.51.9 R. C., that the enactment would govern all claims pending determination by the Industrial Commission on the effective date of this act.

The judgment of the court of common pleas is affirmed.

PHILLIPS, PJ, GRIFFITH, J, concur.
NICHOLS, J, dissents.

## DISSENTING OPINION

By NICHOLS, J.

The legal question involved in this appeal is identical with the legal question involved in the appeal in Mahoning County Appeals numbered 3859 entitled **Peter Stoich, Plaintiff-Appellant, v. Truson Steel Division of Republic Steel Corporation, and Joseph Scanlon, Administrator Bureau of Workmen's Compensation, Defendants-Appellees, 77 Abs 111.**

I therefore dissent from the decision in this case upon the same ground as stated in Mahoning County Appeals numbered 3859.