**WILLIAMS, Plaintiff-Appellant, v. YOUNGSTOWN SHEET & TUBE COMPANY et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3907. Decided May 10, 1957.

Marvin Traxler, Youngstown, for plaintiff-appellant.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Defendant, Youngstown Sheet and Tube Company, a self insurer under the Workmen's Compensation Act of Ohio, demurred to plaintiff's petition filed in the court of common pleas on the ground that plaintiff's petition did not state a cause of action. The trial judge sustained defendant's demurrer.

Plaintiff electing not to plead further in the court of common pleas appealed to this court on questions of law.

In his petition plaintiff claimed he was permanently and totally disabled as the direct and proximate result of an injury sustained on November 18, 1950, while in the course and scope of his employment with defendant, Youngstown Sheet and Tube Company.

Plaintiff received temporary total disability until 1955. On October 20, 1955, plaintiff filed a motion with the Industrial Commission of Ohio, together with medical proof, contending that he was temporarily and totally disabled as a result of the injury of November 18, 1950. On October 3, 1956, the Bureau of Workmen's Compensation ordered that the claimant's motion be denied "for the reason that as shown by the preponderance of the medical proof, the claimant is not totally disabled by reason of the injury in this claim."

The sole question presented to us is whether §4123.519 R. C., effective October 5, 1955, is applicable since plaintiff was injured on November 18, 1950.

Sec. 4123.519 R. C., provides in part:—

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *."

Plaintiff contends that "§4123.519 R. C., effective October 5, 1955, is unconstitutional so far as the plaintiff is concerned, and cannot be retroactive in nature as it involves substantive rights."

Further plaintiff claims:—

"Under the existing law at the time of the injury the plaintiff had a right after receiving the maximum amount of temporary total and temporary partial disability and after the commission found claimant was not permanently and totally disabled as a result of the injury, to appeal or file for rehearing. It was so provided by §1465-90 GC, and following a rehearing by the commission, the claimant had the right to appeal to the common pleas court in the county in which the injury was inflicted if the claim was denied on rehearing."

Plaintiff alleged in his petition inter alia as follows:—

"* * * that on November 18, 1950 he sustained an injury while working for the defendant, Youngstown Sheet & Tube Company, when he was struck by a cable from an overhead crane, causing severe cerebral concussion, possible skull fracture, laceration of the scalp, nose and side of the face, together with injury to his neck and back.

"Plaintiff states that for a period of time he was paid compensation and thereafter he filed a motion with the Industrial Commission of Ohio, together with medical proof, contending that he was temporary and totally disabled as a result of the injury of November 18, 1950. This motion came on to be heard by the Industrial Commission and was finally disallowed on October 3, 1956 at which time the Industrial Commission found that the plaintiff was not permanently and totally disabled as a result of the injury of November 18, 1950.

"Plaintiff states that such disallowance was in disregard of his rights under the Workmen's Compensation Law of Ohio and an unjustified denial thereof by reason of which he appeals to this court and demands a trial by jury."

The demurrer of defendant company was based upon the theory that the finding by the Industrial Commission that plaintiff was not permanently and totally disabled was not a proper subject of appeal.

Defendant, Youngstown Sheet & Tube Company, claims:—

"The real problem to be decided preliminary to determining whether the trial court acted properly in sustaining the demurrer is: was the plaintiff deprived of a vested substantive right, for the statute in question is specifically retroactive."

**Section 28, Article II, Ohio Constitution**, provides:—

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

Further defendant, Youngstown Sheet & Tube Company, claims:—

"This constitutional provision concerns matters of substance and has no application to remedial matters."

In the case of **State, ex rel. Slaughter v. Industrial Commission of Ohio, 132 Oh St 537**, the third paragraph of the syllabus reads:—

"**Section 28, Article II, Ohio Constitution**, prohibiting the passage of retroactive laws, has application to laws disturbing accrued substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review."

The writer is impressed with the argument of counsel for defendant, Youngstown Sheet & Tube Company, stated by brief, which argument in his opinion compels the affirmance of the judgment of the court of common pleas.

That argument is as follows:—

"A most recent consideration of the problem with which we are dealing was by the Second District Court of Appeals (Franklin County)

in the case of State, ex rel. Michaels v. Industrial Commission, No. 5372, decided February 7, 1956, and currently unreported. In the opinion by Fess, J. (sitting by designation) it was stated:

"* * * Although **Article II, Section 28, Ohio Constitution,** has application to laws disturbing accrued substantive rights, it has no application to laws of a remedial nature providing rules of practice, courses of procedure or methods of review. * * *

" "The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it—that is, there is no vested right in a particular remedy. * * *

"The enactment of §4123.519 R. C., did not take away from the plaintiff the right to be declared permanently and totally disabled. He still retains that right, subject to the determination of the Industrial Commission of Ohio. The only change was as to the procedural remedy involved. **Article II, Section 35, Ohio Constitution,** which is the basis of the Workmen's Compensation Act, provided neither for jury trial nor appeal from decisions of the Industrial Commission. The Legislature is vested with the power of determining the question of mode of attainment or rights granted by the Workmen's Compensation Law. The choice of refusing to allow appeal from determinations by the Industrial Commission as to the extent of disability of injured workmen was solely that of the Legislature and certainly did not violate a constitutional protection or a statutory privilege.

"The plaintiff did not acquire a vested right in the remedy of appeal provided in §1465-90 GC, therefore, **Article II, Section 28, Ohio Constitution,** was not violated. The change provided by §4123.519 R. C., concerned a remedial matter. This was perfectly proper and within the discretion of the Legislature in that §1.20 R. C., was not violated because of the direct expression in §4123.519 R. C., that the enactment would govern all claims pending determination by the Industrial Commission on the effective date of this Act."

The parties are respectfully referred to the case of Peter Stoich v. Truscon Steel Division of Republic Steel Corporation and Joseph Scanlon, Administrator Bureau of Workmen's Compensation, Mahoning Appeals No. 3859 (77 Abs 111), in which the Supreme Court overruled plaintiff's motion to certify, and the unreported case of Jim Frank v. Youngstown Sheet & Tube Company, and Joseph J. Scanlon, Administrator Bureau of Workmen's Compensation, Mahoning Appeals No. 3872, Ohio Supreme Court, No. 35311. MCO 11-20-57.. Both of these cases were decided by this court by a two to one decision, one member of the court dissenting.

It is clear from what we have said that plaintiff was not deprived of a vested substantive right, and that the trial judge did not err in sustaining defendant's demurrer. Accordingly the judgment of the trial court must be and hereby is affirmed.

GRIFFITH, J, concurs.
NICHOLS, PJ, dissents.