LOTTI, APPELLANT, *v.* TERNSTEDT DIVISION, GENERAL MOTORS CORP., ET AL., APPELLEES.

(No. 6491—Decided May 9, 1961.)

*Mr. John H. Mitchell* and *Mr. John M. Tobin*, for appellant.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell P. Herrold, Jr.*, for appellee Ternstedt Division, General Motors Corporation.

*Mr. Mark McElroy*, attorney general, and *Mr. William G. Carpenter*, for Administrator, Bureau of Workmen's Compensation.

DUFFY, J.  This is an appeal from an order of Industrial Commission, which raises the question of whether the Legislature, through its amendments to the Workmen's Compensation Act, can take away from a claimant before the Industrial Commission his right to a trial by jury which had been granted to him under the provisions of Section 1465-90, General Code.

It appears that the claimant (appellant herein) did receive an injury in the course of and arising out of her employment and did receive the maximum amount allowed by law for temporary total disability and the maximum amount allowed by law for temporary partial disability, and that she has been unemployed for a period of more than four years, and she claims to be permanently and totally disabled.  There is no doubt that under the provisions of Section 1465-90, General Code, which were in effect at the time of her injury, she would be entitled to a rehearing and an appeal to a court on the question of permanent total disability.

The employer demurred to the petition filed by the claimant for the reason that it appears on the face of the petition that the court does not have jurisdiction over the subject matter of the action.  The employer alleges that the appeal to the court is now governed by Section 4123.519, Revised Code, which does not give a right to appeal where extent of disability was the question decided by the commission.

The claimant argues that Section 1465-90, General Code, was considered to be a substantive change in the law, and that claims arising out of injuries received prior to the effective date of that section were not covered by its provisions.  But, it is apparent from the decisions of the Supreme Court of Ohio that any right of appeal given by statute, from an order of the

Industrial Commission to a court must be classed strictly as a remedy. See *State, ex rel. Slaughter,* v. *Industrial Commission,* 132 Ohio St., 537, and *State, ex rel. Michaels,* v. *Morse et al., Industrial Commission,* 165 Ohio St., 599. Section 28, Article II of the Ohio Constitution, does prohibit retroactive laws if it has application to laws disturbing accrued substantive rights but does not apply to laws of a remedial nature.

The parties do not differ in their interpretation of the law but only in the nature of their rights, the claimant believing them to be substantive and the employer believing them to be of a procedural or remedial nature. We think it is clear, from the above-cited cases, that a remedy is involved, and under the provisions of Section 1.20, Revised Code, the repeal of Section 1465-90, General Code, could only affect pending actions where so specifically expressed in a statute, and Section 4123.519, Revised Code, which became effective November 2, 1959, specifically states in the next to the last paragraph that "the provisions of this section shall apply to all decisions of the commission the administrator or a regional board of review on the effective date of this act and all claims filed thereafter shall be governed by the provisions of Sections 4123.512 to 4123.519, inclusive, of the Revised Code."

It should be noted that the order of the Industrial Commission appealed from in this case was rendered on March 9, 1960, and must, therefore, be governed by the provisions of Section 4123.519, Revised Code, rather than the provisions of Section 4165-90, General Code. If the Legislature had not specifically expressed its intention that Section 4123.519, Revised Code, should govern, it is clear that the procedure set forth in Section 1465-90, General Code, would have applied. See *Stough* v. *Industrial Commission,* 142 Ohio St., 446, and cases cited therein at page 456. See, also, *State, ex rel. Jeffrey,* v. *Industrial Commission,* 164 Ohio St., 366.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and BRYANT, J., concur.