[Cite as Payne v. Keller, 18 Ohio App. 2d 66.]

(No. 9207—Decided February 25, 1969.)

*Messrs. Patchen, Murphy & Ankney,* for appellant.
*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. William M. Culbert,* for appellees.

TROOP, J. James L. Payne, a claimant before the Bureau of Workmen's Compensation, filed a petition in the Court of Common Pleas of Franklin County, by way of appeal from an order of the Industrial Commission, dated April 12, 1967. The prayer of the petition was for the right to participate in the State Insurance Fund. Issues were drawn by the petition and answer, containing some admissions and a general denial. A jury was impanelled, trial had, and at the close of the evidence the court

sustained a motion for a directed verdict favorable to defendants. The judgment, from which this appeal is taken on questions of "law and fact," was filed May 28, 1968. This appeal is properly one on questions of law and will be so treated.

The focal point of plaintiff-appellant's appeal is the holding of the trial court that the plaintiff-claimant had not within two years after October 5, 1959, made a written notice to the Industrial Commission, or the bureau, that indicated injury to a specific part of his body as required by Section 4123.84, Revised Code. (Entry, May 28, 1968.) Appellant notes two assignments of error. Attention is directed to the second assignment as the more significant of the two. Counsel urge that the court erred in applying the section as amended effective December 11, 1967. To have used the amended section, counsel say, was a violation of the constitutional prohibition against retroactive laws.

The complete file covering Claim No. 2211522 was not before the Common Pleas Court, nor is it before this court, but pleadings and transcript of evidence supply some chronological high spots necessary to this review:

October 5, 1959—Claimant, taxi driver, injured in an automobile accident.

November 23, 1959—Claim for compensation for the injuries suffered filed with the bureau (No. 2211522), which claim was allowed and is presently open.

March 21, 1963—Claimant filed a C-92 for determination of permanent partial disability "and modification of award."

April 12, 1967—Industrial Commission decision filed, following other necessary procedural steps, denying the C-92 application and holding that the disability recited therein did not result from the injury (10-5-59) for which existing claim was allowed.

Section 4123.84, Revised Code, is important to this review. The applicable part of the section as it read prior to amendment effective December 11, 1967, is as follows:

"(A) In all cases of injury or death, claims for com-

pensation or benefits shall be forever barred unless, within two years after the injury or death:

"(1) Written application has been made to the industrial commission or the bureau of workmen's compensation, or

"* * *."

Subsection (A), as amended December 11, 1967 (132 Ohio Laws 1432), reads as follows:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workmen's compensation, or

"* * *."

James L. Payne filed his petition, as on appeal, in the Common Pleas Court on May 11, 1967. It was, therefore, pending before the court on December 11, 1967, the day upon which the amendment to Section 4123.84, Revised Code, became effective.

The argument of counsel for the appellant, Payne, reduced to its simplest terms, is that Section 4123.84, Revised Code, as amended, is unconstitutional as to Payne, but, if it is found to be constitutional, Payne satisfied its requirement of notice. This review is concerned with the question of the constitutionality of the amended section as to the claimant. If appellant is correct, that the amended section is not applicable to him but that he is governed by the language of the section before amendment, then, as appellant argues, the rule announced in *Kittle* v. *Keller, Admr.* (1967), 9 Ohio St. 2d 177, is controlling. In *Kittle*, the court held that Section 4123.52, Revised Code, overcomes the two-year limitation found in Section 4123.84, Revised Code.

The well-established basic rule as to the operation of Section 28, Article II of the Ohio Constitution, concerning retroactive laws is that the section "has application to laws affecting substantive rights, and has no reference to

laws of a remedial nature providing rules of practice, courses of procedure or methods of review." See paragraph one of the syllabus of *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, and *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175.

The Common Pleas Court did not determine the validity of the decision of the commission that the disabilities claimed by appellant, Payne, did not result from the original injury upon which his original claim, filed November 23, 1959, was predicated. The application for modification, filed March 23, 1963, made such a claim, asserting a subsequently developing disability directly caused by the injury sustained in the original accident but not described in the claim as originally filed. Claimant's application for modification, filed March 23, 1963, was a pending application at the time the amendment to Section 4123.84 (A) (1), Revised Code, became effective on December 11, 1967. The Common Pleas Court directed a verdict for the defendants, not on the merits, but on the narrow ground that Payne had not made written notice, as to an injury to a specific part of his body, within two years from October 5, 1959, as required by the statute amended effective December 11, 1967.

This is a case in which the commission has authority to consider new evidence of further disability resulting from the claimant's original injury within the statutory period of ten years as provided in Section 4123.52, Revised Code. The rule is stated directly in paragraph two of the syllabus of *State, ex rel. S. S. Kresge Co.,* v. *Industrial Commission* (1952), 157 Ohio St. 62. Refinements concerning authority to correct errors and as to review without new or changed conditions are covered in *State, ex rel. New Idea, Inc.,* v. *Industrial Commission* (1945), 145 Ohio St. 209, and *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27. Judge Fess, in *Laas* v. *Young, Admr.* (1962), 116 Ohio App. 137, writes a summary respecting the rule as it was applied in a number of cases, with special emphasis upon *Miller* v. *Spicer Mfg. Co.* (1953), 159 Ohio St. 571. The court's conclusion in *Laas* was that a claimant could not reasonably be expected to include in his original claim

every conceivable injury which might result from his accident.

The general rule, as noted in the foregoing paragraph, is clear, and the authority of the commission was reasonably well defined until situations arose which called attention to conflicts between Section 4123.52, Revised Code (Section 1465-86, General Code), and other sections. Amendments to both sections likewise prevent easy application of the rule, as they do in the instant case. *Kittle, supra,* resolves the problem of conflict between Sections 4123.84 and 4123.52, Revised Code, before amendment to either section. *Kittle* was decided March 22, 1967, and the sections concerned were amended effective December 11, 1967. The changes would appear to be "corrective legislation" intended to change the law as found by the Supreme Court in *Kittle.*

In addition to the single question of the possible retroactive character of amended Section 4123.84 (A) (1), Revised Code, consideration must be given to a provision in the amended law as to the applicability of the section. It is as follows:

"Any claim pending before the administrator of the bureau of workmen's compensation, a board of review, the industrial commission, or a court on the effective date of this act in which the remedy is affected by Section 4123.84 of the Revised Code shall be governed by the terms of this section."

The filing of the application for modification in the instant case is a step in the proceeding which began with the filing of the original claim for benefits. (Paragraph two of the syllabus of *State, ex rel. Thompson,* v. *Industrial Commission* [1941], 138 Ohio St. 439.) It is then a pending matter before the bureau as well as before the court. The above-noted provision as to applicability of the amendment says that the new requirement applies to any claim "in which the remedy is affected" by the change. If what we are talking about in the instant case is remedial, then the changed statute applies. If the change affects substantive rights, then its application violates Section 28, Article II of the Constitution of Ohio. (*State, ex rel.*

*Slaughter*, v. *Industrial Commission* [1937], 132 Ohio St. 537, and *State, ex rel. Michaels*, v. *Industrial Commission* [1956], 165 Ohio St. 599; *Smith* v. *N. Y. Central Rd. Co.* [1930], 122 Ohio St. 45, and others.)

The commission has authority to modify an award. The amendment to Section 4123.52, Revised Code, creates a condition which previously did not exist, which, if this claimant is required to meet, will destroy his opportunity to get a favorable modification of his award and preclude an increase of benefits. Such a result may mean money out of the pocket of the claimant. It appears that the amendment affects a substantive right, and we so hold. It applies, therefore, only to claims for compensation and applications for modification filed after December 11, 1967. (See *State, ex rel. Thompson, supra.*)

As counsel for the defendants, the Attorney General devotes a substantial part of his brief to a review of evidence appearing in the transcript bearing upon the validity of the claim set out in claimant's application for modification. The Common Pleas Court sustained the defendants' motion solely upon the ground that the amended statute was applicable. If weight of the evidence had anything to do with the result reached, it is not so indicated by the court.

Defendants, appellees herein, quote and rely upon several cited cases to refute appellant's basic contention. They are noticed particularly. *Smith* v. *N. Y. Central Rd.*, *supra,* and *Shira* v. *B. F. Goodrich Co.* (1952), 67 Ohio Law Abs. 548, recognize the distinction between the "remedial" and "substantive." *Smith* involves a statute of limitations on negligence actions. The court held such a statute as remedial because it applied to "causes" within its terms upon which actions had not been commenced before its effective date. *Shira* follows the same reasoning as in *Smith* and similarly holds that a claim filed after an amendment must follow the procedure required. At page 551, the court takes the trouble to distinguish a "pending action" from a "cause of action."

Three other cases upon which the Attorney General relies are *Frank* v. *Youngstown Sheet & Tube Co.* (1956),

83 Ohio Law Abs. 419; *Lotti* v. *Ternstedt Division, General Motors Corp.* (1961), 113 Ohio App. 496; and *Stoich* v. *Truscon Steel Division of Repubic Steel Corp.* (1956), 77 Ohio Law Abs. 111. These cases are concerned with an amendment to Section 4123.519, Revised Code, limiting the right of appeal in injury cases to those other than those in which only the extent of the disability was involved. Uniformly, the cases held that a claimant had no vested right to an appeal at the time he filed his claim for benefits, and that, therefore, appeal was remedial and not substantive and the statutory change was not unconstitutional.

*Stoich* provides the distinguishing factor as between those cases and the instant case. It holds that the right to compensation is "substantial" and procedures for enforcement "remedial." At page 113, the court speaks as follows:

"* * * The rights to compensation generally to death benefits and certain specified amounts of compensation are substantive rights but the remedial procedures are not substantive rights."

In the instant case, the right to compensation which is at stake is substantive.

The amendments to Sections 4123.84 and 4123.52 Revised Code, apply to all applications filed after December 11, 1967, but the application of the amended sections to the instant case precludes a substantive right to compensation, and, therefore, as to this claimant, James L. Payne, is retroactive and unconstitutional.

The judgment of the Common Pleas Court is reversed and the cause remanded for determination of the validity of the order appealed thereto.

*Judgment reversed.*

DUFFY, P. J., and GUERNSEY, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.