In 1928, relator, Carl A. Stahl, suffered an injury in the course of his employment. The Industrial Commission awarded him the maximum of $3,750 for temporary total disability, the maximum of $3,750 for impairment of earning capacity and $18.75 per week for permanent and total disability, which latter amount was paid until April, 1937, when the commission suspended payments. In addition, approximately $2,300 had been paid for medical services.
In October, 1937, the Industrial Commission, acting under the provisions of Section 1465-86, General Code, entered an order reciting that the relator had been paid compensation at the maximum impairment rate, that for a year or more he had been engaged in activities wholly inconsistent with representations that he was incapable of engaging in any occupation, that he "was in condition to perform it substantial amount of work," and that over certain periods he had been paid compensation in excess of that which he should have received. The commission therefore found that he was not and had not been permanently and totally disabled since December, 1936, or prior thereto, and ordered that no further compensation or medical expenses *Page 169 
be paid, unless it was shown in the future by substantial proof that such action was warranted after consideration by the commission. In February, 1938, the commission ordered payments to be suspended after April, 1937.
A petition in mandamus was filed in this court, seeking a writ commanding the Industrial Commission to reinstate relator's claim as a permanent and total disability and to pay compensation therefor. Issues were joined by an answer and reply.
Section 1465-86, General Code, gives the Industrial. Commission continuing jurisdiction over each case with power to modify or change former findings and orders. Section 1465-90, General Code (111 Ohio Laws, 218), grants full power and authority to the commission to determine the extent of disability and the amount of compensation to be paid, with finality of decision.
The record in this case disclosing no abuse of discretion the writ of mandamus is denied. State, ex rel. Kauffman, v.Industrial Commission, 121 Ohio St. 472, 169, N.E. 572;State, ex rel. Hudziecko, v. Industrial Commission, 132 Ohio St. 444, 8 N.E.2d 562; State, ex rel. Coen, v. IndustrialCommission, 126 Ohio St. 550, 186 N.E. 398.
Writ denied.
WEYGANDT, C.J., DAY, ZIMMERMAN, WILLIAMS, MYERS, MATTHIAS and HART, JJ., concur. *Page 170