Turner, J.
 

 At the time here applicable, Section 1465-72a, General Code (108 Ohio Laws, pt. 1, 319), provided as follows:
 

 “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.”
 

 
 *531
 
 The decision of this case depends upon whether the amended application of January 4, 1938, more than two years after the workman’s death, set up a different accident and injury from the accident and injury set up in the original application.
 

 The court below in its opinion said: “Except for the conclusion of the majority of the Supreme Court in the case of
 
 Kaiser
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 440 [26 N. E. (2d), 449], this court would reverse the judgment of the trial court in the instant case and render final judgment for the appellant.” In the
 
 Kaiser case,
 
 this court held that an original application might be amended more than two years after the original injury to set up a subsequent disability
 
 arising from the original accident.
 
 In the instant case it was sought, not to set up a subsequent disability arising from the original accident, but to set up an accident not described in the original application by an amendment filed more than two years after the death of the workman.
 

 The foregoing facts bring the instant case within the principle followed by this court in the case of
 
 State, ex rel. Bernhardt,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 582, 190 N. E., 224.
 

 The only evidence offered by plaintiff below in the trial court on the issue of accidental injury was of the injury referred to in the attempted amendment filed more than two years after the workman’s death. While not controlling, it is worthy of note that the attending physician testified that in making his diagnosis of the condition of the workman on May 21, 1935, he examined for but found no marks indicating trauma.
 

 We are of the opinion that while the
 
 result
 
 of the injury here in question is the same as that described in the original application, the attempted amendment describes a different accidental cause for the result.
 

 
 *532
 
 The judgment of the Court of Appeals should be reversed and final judgment entered for appellant.
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 Williams, J., dissents.