Turner, J.
 

 The decision in this case hinges upon whether the agreement entered into on April 22, 1940,. barred the further application of Section 1465-86, G-eneral Code, which at all times in question provided that “the powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.”
 

 The decision in this case should be the same as that in
 
 State, ex rel. Weinberger,
 
 v.
 
 Industrial Commission, supra,
 
 unless a different result should be reached because of the fact that the injury in the instant case occurred at a time (1918) when the statutory law governixxg wox-kmen’s compexxsatioxx was different from the law considered ixx the
 
 Weinberger case.
 

 On behalf of appellant it is admitted that the compromise settlemexxts in both cases are similar, but ap
 
 *417
 
 pellant contends that there are three important differences between the instant case and the
 
 Weinberger case,
 
 to wit:
 

 “1. The
 
 Weinberger case
 
 is a mandamus action; the instant case is an appeal from a disallowance by the Industrial Commission. ’ ’
 

 We do not regard this difference as material, for the reason that the underlying substantive law is the same.
 

 “2.
 
 The instant case arose in 1918, under what was known as the
 
 ele novo
 
 statute which was in effect up until the rehearing amendment came into effect in 1925. In the
 
 Weinberger case
 
 the injury occurred in 1936, and the law in effect was, of course, the rehearing provision of Section 1465-90, General Code, then in effect.”
 

 We do not regard the question of rehearing material here, as will appear from our quotations from opinions of this court in cases where the so-called
 
 de novo
 
 statute was involved. However, prior to the rehearing amendment of 1925, rehearings were granted pursuant to a rule of the commission,
 
 e. g.,
 
 Rule 25 of Rules of Commission as amended July 1, 1915.
 

 “3. In the instant case there is no new and changed condition upon which to predicate any application for modification of award, since the present complaint is the recurrence of an ulcer in the same identical position on the left leg as the original injury of 1918 and the recurrence in 1936; in the
 
 Wemberger case
 
 there was a new and changed condition in view of the fact that at the time of the compromise settlement in that case the claim then pending was for additional compensation due to the fact that amputation of the right leg had become necessary as the result of the original injury and the later claim was based upon the later amputation of the left leg, constituting the claimant under the law a permanent and total disability.”
 

 Whether there is any new and changed condition
 
 *418
 
 upon which to predicate a modification or change raises a question of fact to be settled by the commission or by the Court of Common Pleas, as the case may be. So far as this record is concerned, we are of the opinion that a new and changed condition has occurred since the preceding award.
 

 As said by Chief Justice Marshall in
 
 State, ex rel. Griffey,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 27, 31, 180 N. E., 376:
 

 “The ‘modification or change’ under the continuing jurisdiction given by Section 1465-86, General Code, necessarily relates to modified and changed conditions occurring after the original award. It should not under any circumstances be employed as an attempt to introduce additional evidence of facts which had previously been presented to, and passed upon by, the commission. ’ ’
 

 The introduction of evidence showing a further disability arising, out of the original injury and accruing subsequently to any award would not violate the foregoing proposition.
 

 The real meat of the commission’s position is set forth in its brief in the following sentence:
 

 “Under the statute governing this claim, an appeal to the court included, determined, and settled all the issues involved, for all time (past, present, and future), just as clearly and just as definitely as in negligence actions.”
 

 We think that the foregoing ignores completely the function of the Court of Common Pleas under the so-called
 
 de novo
 
 statute, as well as the force and effect of Section 1465-86, General Code.
 

 The first Workmen’s Compensation Act was enacted May 31, 1911 (102 Ohio Laws, 524). What is now Section 1465-86, General Code, was first enacted in the original act (Section 33). This was given Code number 1465-72. Without changing its language, it was
 
 *419
 
 re-enacted in the act passed February 26, 1913 (103 Ohio Laws, 88, Section 39), which amended the Act of May 31, 1911. This section then became Section 1465-86, General Code.
 

 By the acts of March 25, 1931 (114 Ohio Laws, 26), June 19, 1933 (115 Ohio Laws, 421), and May 16, 1939 (118 Ohio Laws, 410), the language of Section 1465-86 quoted at the outset of this opinion was continued, but supplemented with the 10-year limitation. The 10-year limitation introduced in 114 Ohio Laws and continued in the later acts is not material here, as the facts do not bring the instant case within the time limitation.
 

 At the time of the inquiry in question, Section 1465-90, General Code (107 Ohio Laws, 162), provided for an appeal
 
 de novo
 
 to the Common Pleas Court and there was no provision in such section for a rehearing.
 

 In the case of
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 119 N. E., 461, this court held:
 

 “1. In cases arising by way of appeal from the decision of the Industrial Commission denying the right of a claimant to participate in the state insurance fund * *
 

 “2. The jury in such cases sits as an appellate Board of Awards * * * .
 

 “3. Any such award, from which error has not been prosecuted, is to be certified by the trial court to the Industrial Commission, and thereafter is to be treated in all respects as if originally rendered by siich commission.
 

 “4. Such award is subject to the provisions of Section 1465-86, in respect to the continuing jurisdiction of the Board of Awards, and is subject to such modification and change as in the opinion of the board may be justified.”
 

 In the course of the opinion, Chief Justice Nichols said, at page 256:
 

 
 *420
 
 “We further hold that judgments rendered by Courts of Common Pleas in favor of claimants who have appealed from adverse holdings of the Board of Awards are subject to the provisions of Sections 1465-86 and 1465-87, General Code.”
 

 In the case of
 
 Industrial Commission
 
 v. Davidson, 101 Ohio St., 71, 126 N. E., 876 (decided under the law as it stood prior to the amendment providing for rehearing), at the January 1915 term of the Court of Common Pleas of Richland county Blanche Davidson recovered a judgment in an action wherein she had appealed from the decision of the Industrial Commission refusing to allow her any compensation for injuries which she claimed to have sustained in the course of her employment. In that action she was awarded compensation for a period of 55 weeks from February 3, 1914, to March 1, 1915, the date of the rendition of the verdict. Judgment was awarded and that judgment, which included allowance for medical services and attorney fees, was paid.
 

 Thereafter she made application to the Industrial Commission to continue to pay her compensation for her disability, beginning with March 1, 1915, claiming that she had ever since the first day of March, 1915, continued to suffer from such injuries, which she had sustained on January 26, 1914.
 

 Such application was rejected by the Industrial Commission on the ground that her claim had been fully adjudicated in the former proceeding. Thereupon, she again appealed to the Common Pleas Court and was awarded judgment in the sum of $3 per week for a period of 100 weeks, which judgment was affirmed by the Court of Appeals.
 

 The question presented to this court by the record was whether the second appeal from the action of the Industrial Commission was authorized and, therefore,
 
 *421
 
 whether the Court of Common Pleas had any jurisdiction of the cause upon such second appeal.
 

 The statute (Section 1465-90, General Code) as it then existed, provided in substance that the board should have full power and authority to hear and determine all questions within its jurisdiction and that its decision thereon should be final; provided, however, in case the final action of the board denied the right of plaintiff to participate at all in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment or upon any other ground going to the basis of the claimant’s right, the claimant might appeal to the Court of Common Pleas and be entitled to a trial in the ordinary way.
 

 After stating these facts, this court, in the course of the
 
 per curiam
 
 opinion, said, at page 73:
 

 “It was under this provision that the first appeal was taken and an award made in the Common Pleas Court. The right of the claimant to participate in the insurance fund, having been established in that proceeding, and that award having been certified to the Industrial Commission, the claim should have been thereafter treated in all respects as if the award had been rendered by such commission.
 
 Roma
 
 v.
 
 The Industrial
 
 Commission, 97 Ohio St., 247.
 

 “Under the provisions of Section 1465-86, General Code, the Industrial Commission then had continuing jurisdiction of such matter, just the same as if the award had been made the claimant by the Industrial Commission instead of by the court upon appeal, and it was the duty of the Industrial Commission thereafter to consider and determine whether the physical condition of the claimant resulting from injuries sustained by her was such as to entitle her to continued payment of installments from the insurance fund.
 

 “It is apparent that the Industrial Commission mis
 
 *422
 
 conceived its duty in the premises, and not only refused payment, but refused to consider the question of whether the claimant was entitled to any further payment, upon the ground that the entire matter had been adjudicated in a former proceeding1 in the Common Pleas Court and the Industrial Commission had no further jurisdiction in the matter. Under the statute it was the clear duty of the commission, under its continuing jurisdiction as provided in Section 1465-86, General Code, to inquire and ascertain whether the claimant was entitled to further compensation. ’ ’
 

 In the case of
 
 State, ex rel. Auflick,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 352, 168 N. E., 841, relator sustained an injury which entitled him to an award from the Industrial Commission. An award was made, pursuant to which the commission paid to him a total of $1,210. Thereupon, the commission determined that he had thereby been fully compensated for the injury that he had suffered and refused him permission to participate longer. The relator thereupon appealed to the Court of Common Pleas, and on trial that court found that he was entitled to an additional award, entered judgment accordingly and so certified to the commission. That judgment was paid in full. Thereafter, the relator applied to the commission for an additional allowance and upon the hearing of this application the commission continued his right to participate in the fund up to a stated time, thereby making his total payments from the fund aggregate an amount which the commission found was payment in full for his total temporary disability and was payment in full for his loss of earning- power, and the commission then declined to make further payments and closed the case. Relator filed a petition in this court asking for a writ of mandamus to compel the commission to grant him a rehearing and to further consider his right to participate in the funds under the control of the commission.
 
 *423
 
 The Industrial Commission demurred to this petition and contended that the facts stated by relator clearly showed that he had
 
 a full and complete remedy at law
 
 and, therefore, was not entitled to the writ of mandamus. In the course of the
 
 per curiam
 
 opinon, after stating the foregoing facts, this court said, at page 353:
 

 “At the time the relator received his injury and filed his claim for an award the statute did not provide for a rehearing in behalf of a claimant, and that law governs in this case, and fully answers the petition in mandamus so far as the prayer for an order commanding a rehearing is concerned.
 

 “The writ of mandamus would not give the relator anything which he has not already received; that is to say, his case was considered by the commission when tine payments were stopped, as hereinbefore stated, and, if the relator had any remedy at that time, as he claimed he had, under the decision of this court in
 
 Industrial Commission
 
 v.
 
 Davidson,
 
 101 Ohio St., 71, 126 N. E., 876,
 
 his remedy was to file a second appeal to the Common Pleas Court.”
 
 (Italics ours.)
 

 The foregoing cases demonstrate that under the law effective at the time of claimant’s injury, even an adjudication by the Court of Common Pleas in an appeal case would not render
 
 res judicata
 
 the question of whether the claimant might not be entitled to further compensation for the results of the injury later developing under the continuing jurisdiction of the commission. Such being the case, it would appear equally clear that a compromise settlement of the case on appeal to the Common Pleas Court would have no greater force than would the judgment of such court in the same case.
 

 As in the
 
 Weinberger case,
 
 the settlement entry in question does not refer to or expressly cover subsequent accruing disabilities, and, therefore, does not constitute a release or settlement as to them.
 

 
 *424
 
 Reliance by the commission is placed on the case of
 
 State, ex rel. Willys-Overland Co.,
 
 v.
 
 Clark, supra.
 
 In that case, the workman had made application to the commission for an award to cover an injury which he alleged he had sustained in the course of his employment. The commission considered his application and rejected his claim. Claimant then appealed to the Court of Common Pleas. The case was heard upon evidence before a jury and the jury returned a general verdict in favor of the employer. (Employer had elected to pay directly.) Judgment was entered upon that verdict in favor of the employer. Claimant did not prosecute error to the Court of Appeals. The judgment so entered in the Common Pleas Court still stood in +ull force and effect. At a later date the claimant, wholly ignoring the judgment so rendered against him, filed an application with the commission for a rehearing of the same claim. The company filed an answer to this application before the commission, setting up the judgment of the Court of Common Pleas. No reply to this answer was filed by claimant. The commission, with full knowledge that thé judgment was in full force and effect, also ignored the judgment, granted a motion for a rehearing, and upon rehearing made an award upon the same claim in favor of claimant. This court allowed a writ of prohibition on the ground that the company’s liability became
 
 res judicata
 
 when the Court of Common Pleas entered its judgment, to which no error was prosecuted. As there was no recognition of the claim, as originally filed, either by the commission or by the Court of Common Pleas, the question of continuing jurisdiction under Section 1465-86, Gfeneral Code, did not enter into the case. This case, therefore, is not in point here.
 

 In a recent case,
 
 Kaiser
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 440, 26 N. E. (2d), 449, Judge Williams said, at page 445:
 

 
 *425
 
 “In order that complete justice might be meted ont to every claimant for compensation broad authority was given to the commission. When that body once assumes jurisdiction of a claim for injury of an employee in the course of his employment, that jurisdiction is continuing with power to make such modification of its former findings from time to time as it may deem justified subject only to the ten-year limitation prescribed in Section 1465-86, General Code.”
 

 See, also,
 
 State, ex rel. Stahl,
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 168, 20 N. E. (2d), 247,
 
 Sergi
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 546, 27 N. E. (2d), 149, and
 
 State, ex rel. Thompson,
 
 v.
 
 Industrial Commission,
 
 138 Ohio St., 439, 35 N. E. (2d), 727.
 

 The foregoing citations from opinions and syllabi of cases decided by this court indicate clearly the procedure which should have been followed by the trial court in the instant case. Section 26, General Code; 42 Ohio Jurisprudence, 682, Section 94;
 
 Sergi
 
 v.
 
 Industrial Commission, supra; State, ex rel. Longano,
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 165, 20 N. E. (2d), 230.
 

 The judgment of the trial court in sustaining the •commission’s motion for judgment in its favor, at the •close of the opening statement of counsel for plaintiff, and in overruling plaintiff’s motion for a new trial, was erroneous and, therefore, the judgment of the Court of Appeals in reversing the judgment of the trial court should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.