LAAS, APPELLANT, *v.* YOUNG, ADMR., ET AL., APPELLEES.*

(No. 5528—Decided April 23, 1962.)

*Mr. Samuel Z. Kaplan* and *Mr. Walter M. Lehman,* for appellant.

*Mr. John E. English* and *Mr. Donald J. Berlage,* for appellee The Electric Auto-Lite Company.

FESS, J. This is an appeal on questions of law from a judgment dismissing plaintiff's third amended petition after a demurrer thereto was sustained.

In her third amended petition plaintiff, appellant herein, alleges in substance that her employer was a self-insurer; that on March 28, 1955, she sustained injuries in the course of her employment as a direct and proximate result of which she suffered injuries to her forehead, left knee, left radius *and back*; that on April 20, 1955, a form C-50 was filed on her behalf with the commission, reciting that her injuries were to the left arm and elbow, to the left eyebrow area, and to the left knee (with no mention of her back); that her employer rendered treatment to plaintiff for the aforesaid injuries and also for injuries to

---

*Motion to certify the record overruled (37619), October 17, 1962,

her back; and that she was paid compensation for such specified injuries and for injuries to her back, all arising out of her employment.

Determination of the question presented upon this appeal requires analysis of the provisions of the Code applicable to her claim. Prior to its amendment in 1941, Section 1465-72*a*, General Code (108 Ohio Laws, 319 [1919]), provided:

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct."

Thus, the provisions of the two-year statute of limitation were clear until its amendment in 1941 (119 Ohio Laws 569), which then provided, in part, as follows:

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, *written* application shall have been made to the Industrial Commission of Ohio or, in the event * * * *the* employer has elected to pay compensation direct * * * *written notice of injury shall have been given to the Industrial Commission or compensation shall have been paid under Sections 1465-79, 1465-80, 1465-81 within two years after the injury or written notice of death shall have been given to the Industrial Commission or benefits shall have been paid under Section 1465-82 within two years after the death.* * * *"* (Italics and asterisks are as they appear in 119 Ohio Laws, 569).

The last paragraph of this section required the commission to provide printed notices quoting in full the preceding paragraph and also required self-insuring employers to post one or more of such notices in conspicuous places in the workshops or places of employment.

The 1941 amendment of Section 1465-72*a*, General Code, was carried into Section 4123.84, Revised Code, effective October 1, 1953, with certain minor changes, as follows:

"In all cases of injury or death, claims for compensation shall be forever barred unless, within two years after the injury or death, written application has been made to the Industrial Commission or, in the event the employer has elected to pay compensation direct, written notice of injury has been given to

the commission or compensation has been paid under Sections 4123.56 to 4123.58, inclusive, of the Revised Code, within two years after the injury or written notice of death has been given to the commission or benefits have been paid under Section 4123.59 of the Revised Code within two years after the death.''

Pursuant to the provisions of Section 1.20, Revised Code, the prosecution of plaintiff's claim as well as the determination of the question herein presented is governed by the provisions of the aforesaid section effective as of October 1, 1953. Cf. *State, ex rel. Thompson,* v. *Industrial Commission,* 138 Ohio St., 439. Nevertheless, we direct attention to a further amendment of Section 4123.84, Revised Code, effective November 2, 1959, providing as follows:

''In all cases of injury or death, claims for compensation or benefits shall be forever barred unless, within two years after the injury or death, (1) written application has been made to the Industrial Commission or, (2) in the event the employer has elected to pay compensation or benefits directly (a), written notice of injury has been given to the commission or (b) compensation or benefits have been paid or furnished under Sections 4123.01 to 4123.94, inclusive, of the Revised Code, or (3) written notice of death has been given to the commission, or (4) benefits have been paid or furnished under Sections 4123.01 to 4123.94, inclusive, of the Revised Code.''

In our opinion the only substantial changes made by the 1959 amendment are (1) addition of the words, ''or benefits,'' to the word, ''compensation''; (2) the striking out of specified sections of the chapter and inserting in lieu thereof all the sections of the chapter, except the penalty section; and (3) the deletion of the words, ''within two years after the injury'' and ''within two years after the death,'' where they appeared in the former section. We do not regard the insertion of figures and letters to indicate subcategories as of particular importance. In construing the section prior to its amendment in 1959, it may be logically paraphrased as follows:

In all cases of injury or death, claims for compensation shall be forever barred unless, within two years after the injury or death, (1) written application has been made to the Industrial Commission or (2), in the event the employer has elected to pay compensation direct, (a) written notice of injury has

been given to the commission or (b) compensation has been paid under Sections 4123.56 to 4123.58, inclusive, within two years after the injury or (3) written notice of death has been given to the commission or (4) benefits have been paid under Section 4123.59 of the Revised Code within two years after the death.

It is to be observed that under the preliminary clause of the above section claims for compensation shall be forever barred unless, within two years after injury or death, written application has been made to the commission. Then in the alternative it is provided that in the event the employer has elected to pay compensation direct, written notice of injury has been given to the commission or compensation has been paid under Sections 4123.56 to 4123.58, inclusive, within two years after injury. Since this alternative follows the word, "unless," a claim for compensation is not forever barred in the event written notice of injury has been given to the commission *or* compensation has been paid under Sections 4123.56 to 4123.58 within two years after the injury. Admittedly, the phraseology of the section with respect to its alternative provisions is awkward and obscure, but it seems clear to us that the legislative intention was to make an exception to the general two-year limitation with respect to self-insuring employers.

Since plaintiff alleges that she was paid compensation by her employer within two years after her injury, regardless of whether such compensation was paid for disabilities specified in the form C-50 or in addition for disability to her back, her claim is not barred as a matter of law. In our opinion, the filing of form C-50 is also the equivalent of notice to the commission, which is more or less immaterial since notice and payment are also in the alternative and either condition would relieve her from the bar of the preceding limitation.

In this respect the decision in *Miller* v. *Spicer Mfg. Co.* (1953), 159 Ohio St., 571, is to be distinguished upon the facts.

We have re-examined the record in the *Spicer case* and find that the petition alleged, *inter alia,* as follows:

That on the 28th of July 1942, while in the usual course of his employment, plaintiff was struck by a truck, pinned between the truck and a bench and rendered unconscious; that he sustained injuries to his back; that he filed with his employer and

the commission his claim for compensation, which was allowed and compensation granted for total disability from date of injury to August 30, 1942; and that plaintiff filed with the commission his application for compensation beyond the date of last payment and for modification of award (presumably under the provisions of Section 1465-86, General Code [Section 4123.52, Revised Code], the so-called ten-year section) and filed proof in support thereof.

The commission found that the proof on rehearing failed to show that any disability which the claimant had in his back was the result of the injury to his knees and the fracture of the right fibula sustained on July 28, 1942, and that the commission was without jurisdiction to consider any injury to claimant's back for the reason the record failed to show that the claimant ever made any application to the commission or to his employer for compensation based upon an injury to his back, within two years after July 28, 1942.

Miller failed to allege that compensation was paid by his employer for injury to his back within two years after his injury. For aught the record before the commission as well as the court showed, he failed to prove that the injury to his back was attributable to the accident in which he incurred injury to his knees and fracture of his right fibula.

The background prior to the decision in *Miller* v. *Spicer* is of at least cursory interest.

In *State, ex rel. Bernhardt,* v. *Industrial Commission* (1934), 127 Ohio St., 582, approved and followed in *Miller* v. *Spicer,* the claimant was injured on March 13, 1928, as the result of a fall from a ladder. On July 23, 1930, the commission found that the claimant had been disabled for the period for which compensation had been paid and refused to grant any further compensation. On May 16, 1932, claimant filed an application for modification of award claiming that at the time of his fall he also received a brain injury which had not theretofore been brought to the attention of the commission. The court, therefore, found that the claim was not filed within two years after the injury and was barred by Section 1465-72a, General Code, as it read prior to its amendment in 1941.

In *Ferguson* v. *Industrial Commission* (1941), 138 Ohio St., 529, the court also held that under Section 1465-72a, General

Code, as it provided prior to the 1941 amendment, an original application for compensation alleging strain and over-exertion as the cause of injury might not be amended more than two years after death of the workman to include or substitute a blow on the head occurring at a time different from that alleged in the original application, distinguishing the case of *Kaiser* v. *Industrial Commission* (1940), 136 Ohio St., 440, and following the *Bernhardt case* in principle. It will be noted that the *Ferguson case* involved another accident.

In the *Kaiser case,* the court held that an application for compensation for the results of the freezing of the right foot under circumstances that made freezing an injury in the course of employment was sufficient to entitle the claimant to recover for disability resulting from the freezing of·the left foot at the same time, even though the disability to the left foot did not manifest itself until more than two years after the accident. In reaching its conclusion the court referred to Section 1465-86, General Code (Section 4123.52, Revised Code)—the so-called ten-year limitation.

The brief *per curiam* opinion in *Miller* v. *Spicer* is as follows:

"It is apparent from the order of the Industrial Commission, quoted in plaintiff's petition, that the claim plaintiff is now presenting is for a new and distinct injury, for which no application for compensation was made within the two-year period prescribed by Section 1465-72a, General Code.

"The trial court was correct in sustaining the demurrer and rendering judgment for defendants. The reversal of that judgment by the Court of Appeals was error. *State, ex rel. Bernhardt,* v. *Industrial Commission,* 127 Ohio St., 582, 190 N. E., 224, approved and followed, and *Kaiser* v. *Industrial Commission,* 136 Ohio St., 440, 26 N. E. (2d), 449, overruled.

"The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed."

In its opinion, the court made no reference to *State, ex rel. S. S. Kresge Co.,* v. *Industrial Commission,* 157 Ohio St., 62, decided the year before. In the *Kresge case* the claim for modification of claimant's previous award was filed within two years after the injury, but in the opinion the court distinguishes *State* v. *Ohio Stove Co.,* 154 Ohio St., 27, from *State, ex rel. New Idea,*

*Inc.,* v. *Blake et al., Industrial Commission,* 145 Ohio St., 209. In the *New Idea case* the injury was sustained on November 3, 1937, for which compensation and medical expenses were paid, and more than two years after the injury, on July 13, 1940, the employee filed an application for additional compensation, which was dismissed on the ground that the proof failed to establish that the disability was due or related to the injury for which the claim was filed. The additional claim was for Parkinsonionism. The court's attention was primarily directed to the procedural question as to whether the commission had lost jurisdiction as a result of certain actions on the supplemental claim, but the court recognized, as it had in the *Kaiser case,* that under its continuing jurisdiction the commission could recognize and order payment for an additional disability arising from the original injury. Paragraph two of the syllabus in the *New Idea case* reads as follows:

"Within the period provided by this statute the Industrial Commission may exercise this authority for the purpose of correcting an error discovered in a case in which it has assumed jurisdiction."

But the second paragraph of the syllabus in the *Kresge case* states:

"Within the statutory ten-year period the commission may exercise this authority for the purpose of considering new evidence of further disability resulting from the claimant's injury."

See, also, former Section 4123.51, Revised Code (125 Ohio Laws, 1016), *State, ex rel. Michaels,* v. *Morse et al., Industrial Commission,* 165 Ohio St., 599, and *McIntyre* v. *B. F. Goodrich Co.,* 74 Ohio Law Abs., 200.

Although the *Bernhardt case* was followed and the *Kaiser case* was overruled in the *Spicer case,* the failure to refer to or overrule the second paragraph of the syllabus in the *Kresge case* leads to the conclusion that Miller was denied compensation on the ground that his claim was for a new and distinct injury separate and apart from his original injury for which he had been compensated, and that the court did not overrule its holding in the *Kresge case* that within the statutory ten-year period the commission may exercise jurisdiction for the purpose of considering new evidence of further disability resulting from the claimant's original injury.

The predominant ideal in the enactment of the Workmen's Compensation Act was to substitute for adversary actions at law to determine the rights of disabled workmen, proceedings before an administrative tribunal, which proceedings should be informal simply to determine facts and administer justice, free of adverse partisanship. In pursuance of that ideal, the statute has always provided that neither the administrator nor the commission shall be bound by common-law or statutory rules of evidence or by any technical or formal rules of procedure except as provided in the act. Sections 4123.10 and 4123.515, Revised Code. Section 4123.10 further permits the commission to make an investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of such sections. See, also, the first paragraph of Section 4123.52, Revised Code. However, the idea of nonadversary proceedings before the commission has been forgotten, primarily as a result of merit-rating. Self-insuring employers provide services to their employees as to their claims and also employ experts in the field of workmen's compensation to represent the employers' interests. Even the most enlightened employer is justifiably desirous of curtailing malingerers and spurious claims. Nor should criticism be directed to the prevailing practice of employers to employ representatives to appear on their behalf to oppose the allowance of claims which they regard as unfounded and to reduce the amount of compensation allowed where such amounts might be in dispute. Nevertheless, meritorious claims should not be disallowed on purely technical grounds. In 1955, employers were accorded the right of appeal. As a result of these developments the proceedings before the commission have become quite adversary.

Generally speaking, claims for compensation are filed with the commission by the employee on forms provided by the commission. Usually they are prepared with the assistance of the employer. Claims against a self-insuring employer may be filed directly with the employer. Many self-insurers have adopted the practice of paying compensation without the necessity of filing a written claim with the commission. In case of dispute, a written application to the commission is required.

In the usual case when the initial claim is prepared, the

claimant does not have the advice and assistance of his own counsel. If *Miller* v. *Spicer* is to be construed in accordance with the contention of the employer herein, the plaintiff, in order to fully protect herself, should have made her initial claim as broad as possible to cover every conceivable injury which might result from her accident. Otherwise, she would be barred from further compensation for a disability she did not discover or which did not arise within two years after her accident. As indicated above, we do not believe that the court in *Miller* v. *Spicer* intended such unjust result.

The judgment of the Common Pleas Court is reversed, and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

S<small>MITH</small> and D<small>EEDS</small>, JJ., concur.