KITTLE, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

(No. 40020—Decided March 22, 1967.)

*Messrs. Larrimer & Larrimer, Messrs. Rowland, Bridgewater & Robe* and *Mr. Erle H. Bridgewater, Jr.,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. William M. Culbert,* for appellants.

O'NEILL, J.  Section 4123.519, Revised Code, provides that the claimant may appeal from a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Common Pleas Court of the county in which the injury was inflicted.

Appellants concede in their brief that the question involved in this cause is not a question of extent of disability.  It is a question of appellee's right to participate in the fund, and thus appellee has a right of appeal pursuant to Section 4123.519, *supra.  Valentino* v. *Keller, Admr., Bureau of Workmen's Compensation,* 9 Ohio St. 2d 173.

Upon the completion of appellee's case in the trial court, the appellants made a motion for a directed verdict on the ground that the court lacked jurisdiction over appellee's claim based upon Section 4123.84, Revised Code, which provides in pertinent part as follows:

"(A) *In all cases of injury* or death, *claims for compensa-*

*tion or benefits shall be forever barred unless, within two years after the injury* or death:

"(1) Written application has been made to the Industrial Commission or the Bureau of Workmen's Compensation, or * * *." (Emphasis added.)

The appellants contend that, even though a claim was filed within time and allowed for injuries sustained in this accident, since the only evidence presented at the time the claim was heard was evidence of disability arising from a strained back, the claimant is now barred from compensation for disability from the injury to his brain, which injury was sustained in the same accident in which the back was injured.

The appellants assert that the claimant was required to file a separate claim for each injury he suffered in that single accident, one claim for the disability arising from his strained back and a second claim for the disability resulting from the brain hemorrhage; and that both claims had to be filed within two years after the injury, under the requirements of Section 4123.84, *supra.*

It is conceded by the appellants, for purposes of this appeal, that the back injury and the brain injury were sustained in the same accident, and that the appellee did not know of the brain injury until it was diagnosed to be the cause of the "blackouts" which he was suffering, which diagnosis was made more than two years after the accident occurred.

The question which this case poses is a simple one. It may be stated thus:

Where an employee has an accident in the course of and arising out of his employment and suffers injuries and files a claim for disability caused by a strained back within two years, as required by Section 4123.84, Revised Code, and that claim is allowed, and then the employee discovers, for the first time as a result of medical diagnosis made more than two years after the accident occurred and, therefore, after the two-year statute has run, that he is suffering additional disability caused by an injury to his brain sustained in that original accident, is that claimant entitled, upon application for additional compensation and proof of this disability resulting from the injury to his brain, to participate in the State Insurance Fund?

Section 4123.52, Revised Code, provides in pertinent part:

"*The jurisdiction of the Industrial Commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified.* No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, *after ten years* from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten-year period provided in this section." (Emphasis added.)

This language grants to the commission *continuing jurisdiction over each case to make modifications, changes, findings and awards as, in its opinion, are justified.*

This section authorizes the Industrial Commission to continue its jurisdiction over a claimant's case for a period of ten years to protect the employee by allowing him compensation for disability from injuries suffered in an accident and for disability which may increase in degree or intensity, or both, and for disability resulting from an injury suffered in the original accident which may be discovered for the first time through diagnosis within that ten-year period.

This question has been before this court on several occasions. The pronouncements of the court have not been entirely consistent.

*State, ex rel. S. S. Kresge Co.,* v. *Industrial Commission* (1952), 157 Ohio St. 62, 104 N. E. 2d 450, supports *Kaiser* v. *Industrial Commission* (1940), 136 Ohio St. 440, 26 N. E. 2d 449. The syllabus reads as follows:

"1. Under the provisions of Section 1465-86, General Code, the powers and jurisdiction of the Industrial Commission over each case are continuing, and the commission may from time to time make such modification or change with respect to former findings or orders as in its opinion may be justified.

"2. Within the statutory ten-year period the commission may exercise this authority for the purpose of considering new evidence of further disability resulting from the claimant's injury."

In that case, which was concurred in unanimously, the court relied upon *State, ex rel. New Idea, Inc.,* v. *Blake et al., Indus. Comm.* (1945), 145 Ohio St. 209, 61 N. E. 2d 195.

This position is supported by *State, ex rel. Griffey,* v. *Industrial Commission* (1932), 125 Ohio St. 27, 180 N. E. 376.

See, also, *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27, 93 N. E. 2d 291, paragraphs two and three of the syllabus, and *State, ex rel. New Idea, Inc.,* v. *Blake, supra,* for similar reasoning. See, also, *State, ex rel. Weinberger,* v. *Industrial Commission* (1941), 139 Ohio St. 92, 38 N. E. 2d 399, and *Clendenen* v. *Industrial Commission* (1942), 140 Ohio St. 414, 45 N. E. 2d 108.

In *Kaiser* v. *Industrial Commission, supra,* paragraphs two and three of the syllabus are directly in point. They read as follows:

"2. An original application for workmen's compensation filed with the Industrial Commission may be amended as a matter of course and this amendment may be accomplished by an amended or supplemental application or an application to modify an award upon the development of a subsequent disability arising from the original accident and out of an injury sustained therein, whether or not it is included among the injuries described in the original application.

"3. An injured employee, who, after being awarded compensation and more than two years after the original injury, files an application for modification of the award in order to secure compensation for subsequently developing disability directly caused by injury sustained in the original accident but not described in the original application, is not barred of his right to continue to participate in the State Insurance Fund by virtue of Section 1465-72a, General Code [Section 4123.84, Revised Code], which prescribes that claims for compensation for injuries are barred unless application is made to the Industrial Commission within two years after the injury."

In the well reasoned opinion in that case, Williams, J., said at pages 444 and 445:

"* * * Moreover it is not contended that there is any statute requiring the application to state the full extent of injuries. In fact it often happens that the claimant does not know, at the time of his application, how badly he is hurt. The intent of the workmen's compensation law appears to be to allow full scope to the commission in inquiring into the injuries and determining the amount of compensation to which the claimant is entitled so as to avoid injustice.

"Under Section 1465-91, General Code [Section 4123.10, Revised Code], which applies to all stages of the proceedings before the commission except the rehearing, the commission is not bound by any technical or formal rules of procedure. Surely under this rule of liberality an application need not set out all the facts necessary to show that claimant is entitled to compensation or to show the full extent of the injury or disability.

"When an employee makes an application to the commission for compensation it is the duty of the commission to inquire whether there is causal connection between the employment and the injury, and, if it finds there is, to assume jurisdiction and determine the extent of the disability directly caused by the injury. In awarding compensation the commission is not limited to injury specified in the application but is required to base the award upon all injuries sustained in the particular accident for which claim is made. Any other course would result in depriving many injured employees of compensation to which they are entitled.

"In order that complete justice might be meted out to every claimant for compensation broad authority was given to the commission. When that body once assumes jurisdiction of a claim for injury of an employee in the course of his employment, that jurisdiction is continuing with power to make such modification of its former findings from time to time as it may deem justified subject only to the ten-year limitation prescribed in Section 1465-86, General Code [Section 4123.52, Revised Code]. Under the application of this principle it is established that a supplemental application or application for modification of an award to secure compensation for a subsequently developing disability may be filed after the expiration of the two-year period. * * *''

The dissenting opinion in that case gave as the only reason for dissenting that the announced departure therefrom (*State, ex rel. Bernhardt,* v. *Industrial Commission,* 127 Ohio St. 582, 190 N. E. 224) will not serve to promote the orderly and expeditious administration of the Workmen's Compensation Fund.

It is true that in *State, ex rel. Bernhardt,* v. *Industrial Commission* (decided February 14, 1934), *supra,* in an opinion in which no reasons were stated other than a reference to the two-year statute, Section 1465-72a, General Code, the court reached a contra result. It should be noted that this was prior to *Kresge Co., supra,* which was decided on March 5, 1952, and in which no reference is made to *Bernhardt, supra.*

In the case which the appellants in this cause rely upon, *Miller* v. *Spicer Mfg. Co.* (1953), 159 Ohio St. 571, 113 N. E. 2d 4, in a *per curiam* opinion based upon the two-year statute of limitations, Section 1465-72a, General Code, without supporting reasons, the court approved *Bernhardt, supra,* and overruled *Kaiser, supra,* but made no reference to *Kresge, supra.*

The most recent case dealing with this question is *Laas* v. *Young, Admr.* (decided April 23, 1961), 116 Ohio App. 137, 187 N. E. 2d 155, motion to certify the record overruled on October 17, 1962. The syllabus of that case reads as follows:

"Under the provisions of Section 4123.52, Revised Code, the powers and jurisdiction of the Industrial Commission over each case are continuing, and the commission may, from time to time, make such modification or change with respect to former findings or orders as in its opinion may be justified; and within the statutory ten-year period the commission may exercise this authority for the purpose of considering new evidence of further disability resulting from the claimant's original injury. (*State, ex rel. S. S. Kresge Co.,* v. *Industrial Commission,* 157 Ohio St. 62.)"

That opinion, written by Fess, J., discusses the problem thoroughly and makes reference to *Miller, supra, Bernhardt, supra,* and *Ferguson* v. *Industrial Commission* (1941), 138 Ohio St. 529, 37 N. E. 2d 194, and follows *Kresge Co., supra,* which was decided subsequent to *Kaiser, supra,* and points out that no reference was made to *Kresge Co., supra,* in the *Miller, supra, per curiam* opinion, and that the *Kresge Co.* opinion was

not overruled specifically in that opinion. Judge Fess, in *Laas*, declines to follow *Miller, supra,* and chooses to follow the reasoning of *Kaiser, supra,* and *Kresge Co., supra,* and points out, at page 143:

"Although the *Bernhardt case* was followed and the *Kaiser case* was overruled in the *Spicer case,* the failure to refer to or overrule the second paragraph of the syllabus in the *Kresge case* leads to the conclusion that Miller was denied compensation on the ground that his claim was for a new and distinct injury separate and apart from his original injury for which he had been compensated, and that the court did not overrule its holding in the *Kresge case* that within the statutory ten-year period the commission may exercise jurisdiction for the purpose of considering new evidence of further disability resulting from the claimant's original injury."

And at page 145:

"* * * If *Miller* v. *Spicer* is to be construed in accordance with the contention of the employer herein, the plaintiff, in order to fully protect herself, should have made her initial claim as broad as possible to cover every conceivable injury which might result from her accident. Otherwise, she would be barred from further compensation for a disability she did not discover or which did not arise within two years after her accident. As indicated above, we do not believe that the court in *Miller* v. *Spicer* intended such unjust result."

The contention of the employer which Fess, J., succinctly states in *Laas, supra,* is the precise contention of the appellants in the cause now before this court.

The opinions which have upheld that position in the past, *Bernhardt, supra,* and *Miller, supra,* have stated no cogent reasons for such a narrow and unjust interpretation of the law as the appellants in this case support. We can not believe that they intended such a result. The only argument for so holding would appear to be a fear that fraudulent claims might be encouraged, which would be very difficult, because of the lapse of time, for the Industrial Commission or the employer to defend against. A claim which establishes the time of an accident must be filed within two years after the date upon which the accident occurred. Therefore, the employer and the commission are put upon notice of an accident upon that day and of an injury

to the claimant, which injury arose out of and was in the course of the claimant's employment.

To uphold the narrow and technical position of the appellants in this case would perhaps eliminate the possibility of some fraudulent claims, but it would have the effect of denying a just claim to an injured workman who did not discover all the disability and injuries sustained in the accident until after two years had elapsed from the time of the injury, even though his claim had been allowed with regard to those disabilities which he discovered prior to the running of the two-year period.

Such a result as the appellants contend for is inconsistent with this court's long-established position of giving a liberal interpretation to the Workmen's Compensation Act in favor of the injured workman. Section 4123.95, Revised Code.

Faced as we are here with a choice between closing the door on some possibly fraudulently based claims and thus denying to an injured workman the compensation to which he is justly entitled, or granting such compensation and risking the possibility that some fraudulent claims will be successful under the rule, the majority of this court is of the opinion that the Legislature intended that once it has been established by a claimant that he was injured in the course of and arising out of his employment, and his claim has been allowed and compensation or benefits paid, the Industrial Commission has continuing jurisdiction, pursuant to Section 4123.52, Revised Code, to modify or change its findings or orders, and pursuant to a proper application by the claimant, supported by proper evidence, the commission has jurisdiction to grant compensation for a subsequently developing disability resulting from an injury which was suffered at the time of the original accident, and the payment of such compensation or benefits is not barred by the two-year provision of Section 4123.84, Revised Code, even though such disability was not diagnosed and such injury was not discovered until after the two-year statutory period had run.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, Herbert, Schneider and Brown, JJ., concur.