DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Polly Parks, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order concluding that relator had settled her existing workers' compensation claim with General Motors Corporation ("GMC"), respondent, and was no longer entitled to participate in the workers' compensation system with respect to those industrial injuries and claims.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus on the basis that relator had an adequate remedy in that the commission's decision was appealable to the common pleas court, or, in the alternative, deny relator's request for a writ of mandamus on the basis that the commission's finding that the parties settled the within claims in a prior settlement was supported by some evidence. (Attached as Appendix A.) Relator, the commission, and GMC have filed objections to the magistrate's decision.
 {¶ 3} GMC and the commission object to the portion of the magistrate's decision that found that the commission's decision was appealable to a common pleas court under R.C. 4123.512. However, we agree with the magistrate's decision in this respect. The Ohio Supreme Court recently decided White v. Conrad,102 Ohio St.3d 125, 2004-Ohio-2148. In White, the court found that, pursuant to R.C. 4123.512(D), appealable orders are of two kinds: those that, like in State ex rel. Liposchak v. Indus. Comm.
(2000), 90 Ohio St.3d 276, involve the right to participate and those that, as in White, involve the right to continue to participate. White, at ¶ 10. With regard to the latter kind, the court explained that, once it is determined that a claimant has a right to participate, a later termination of participation is a right-to-continue participation case. Id. The court noted that it has consistently acknowledged that a claimant has the right to appeal to a common pleas court an order that terminates his right to continue to participate:
Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings,except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519.
White, at ¶ 13, citing Felty v. ATT Technologies, Inc.
(1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus. (Emphasis sic.)
 {¶ 4} In the present case, it was the commission's July 10, 2003 order that ltimately determined relator's right to participate in the fund. Although the settlement agreement acted to preclude relator from further participating in the fund, it was the commission's order that conclusively established such. As the commission's order terminated relator's right to continue participating in the fund, pursuant to R.C. 4123.519, Felty,
and White, the commission's order was appealable to the common pleas court. For these reasons, GMC's and the commission's objections are overruled.
 {¶ 5} Relator also objects to the magistrate's decision. Relator contends that the magistrate erred in her alternative disposition that there was some evidence to support the commission's determination that the parties' various settlement agreements and releases demonstrated that relator's present claim was fully and finally settled as part of the agreement and disposition in another action involving another claim. However, as we have found that the decision was appealable to the common pleas court, and the issue raised by relator's objections must ultimately be addressed by that court, we do not address relator's objection herein. Therefore, the issue of whether the parties' various settlement agreements and releases demonstrated that relator's present claim was fully and finally settled as part of that agreement is for the trial court to determine, and we do not adopt the magistrate's alternative disposition addressing such.
 {¶ 6} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's, GMC's, and the commission's objections, we overrule GMC's and the commission's objections and find that the magistrate sufficiently discussed and determined the issues raised. As we have found the commission's decision was appealable to the common pleas court, we do not adopt the magistrate's alternative disposition insofar as it addresses the ultimate issue in this case, and we do not address relator's objection. Relator's objection is hereby rendered moot. Further, we note that due to a typographical error in the first paragraph of page seven of the magistrate's decision, the word "commission" should be changed to "court." Accordingly, except as noted above, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
Lazarus, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Polly Parks,: Relator, : v. : No. 03AP-1045 Industrial Commission of Ohio and : (REGULAR CALENDAR) General Motors Corporation, : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 24, 2004 Schiavoni, Schiavoni Bush, Joseph J. Bush, III, and ShawnR. Muldowney, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Vorys, Sater, Seymour and Pease LLP, Jerome C. Webbs,Jocelyn N. Prewitt and Sean P. Ruffin, for respondent General Motors Corporation.
 IN MANDAMUS {¶ 7} In this original action in mandamus, relator, Polly Parks, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order concluding that claimant had settled her existing workers' compensation claim and was no longer entitled to participate in the workers' compensation system with respect to those industrial injuries and claims.
Findings of Fact:
 {¶ 8} 1. On April 4, 1995, Polly Parks ("claimant") sustained an industrial injury, and her workers' compensation claim, number 95-437404, was recognized by the self-insured employer, General Motors Corporation ("GMC").
 {¶ 9} 2. Claimant filed a second workers' compensation claim relating to an industrial injury that was allegedly sustained on April 18, 1995. This claim, assigned number 95-417900, was disputed by the employer, and the claim was denied by the commission. Claimant appealed to the Trumbull County Court of Common Pleas pursuant to R.C. 4123.512.
 {¶ 10} 3. In July 2002, claimant and GMC settled their dispute and signed a variety of agreements and releases. On form SI-42, titled "Self Insured Joint Settlement Agreement and Release," the following language is included:
The injured worker and employer agree to exclude the following claim (or claims) from this settlement:
None.
At the top of the form, the claim number is listed for the workers' compensation claim that had been appealed to the common pleas court. Claimant's attorney signed the form, stating that claimant had read the agreement or that it was read and explained to her.
 {¶ 11} 4. Another document, titled "SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS," includes the following provisions:
Please read carefully, this includes a release of all known and unknown claims:
* * *
* * * [A]ll of Claimant's claims including, but expressly not limited to, Claimant's workers' compensation claim, Claim No. 95-417900 litigated in the Trumbull County Court of Common Pleas * * *. Claimant agrees that this Agreement is intended as a complete, full and final release of any and all claims she may have and that no claims are reserved.
* * *
14. * * * Claimant warrants represents and agrees that she has fully reviewed this Agreement (including all Exhibits hereto), and all of the consequences and ramifications * * * with her legal counsel * * *.
15. Claimant acknowledges that this Agreement includes any possible asserted, pending, or potential claim against Employer with respect to any workers' compensation issue. * * *
 {¶ 12} 5. In another document, form SI-43 titled "Acknowledgement of the Self Insured Joint Settlement Agreement and Release," also signed by claimant and GMC in July 2002, claimant acknowledged as follows:
I, Polly Parks (Hall), certify that my attorney Shawn Muldowney has totally explained to me all areas of the settlement application/agreement * * *.
I understand that by agreeing to the attached application/agreement:
1. I will not receive payment from the self insured employer, BWC, or IC for any future compensation, medical bills or any other benefits as outlined * * *.
 {¶ 13} 6. The parties in mandamus have filed additional documents, including a demand letter from claimant's counsel to the employer.
 {¶ 14} 7. In March 2003, claimant filed a motion asking the commission to order the employer to pay medical bills in claim number 95-437404.
 {¶ 15} 8. In May 2003, a district hearing officer found that all workers' compensation claims were included when claimant released and settled all her claims in July 2002, including the claim based on the April 4, 1995 injury as well as the claim based on the April 18, 1995 injury.
 {¶ 16} 10. Claimant appealed, and, in July 2003, a staff hearing officer affirmed, stating in pertinent part:
The order of the District Hearing Officer, from the hearing dated 05/28/2003, is affirmed. Therefore, the Staff Hearing Officer finds that there is no jurisdiction to adjudicate the C-86 Motion of 3/14/2003. The Staff Hearing Officer finds that this present claim was previously settled by a prior "Self-Insured Joint Settlement Agreement and Release" filed in claim number 95-417900. That agreement was executed by the claimant and the employer and specifically provides that "all claims" incurred on or before the 7/08/2002 effective date of the agreement were included in the settlement agreement. In support of this finding, the Staff Hearing Officer notes under item #3 of the settlement document SI-42 that "no claims were excluded from this settlement." Furthermore, the "Settlement Agreement and Release of All Claims" signed by claimant and her counsel, which is part of the stipulated settlement in case number 01-CV-2055 in the Trumbull County Court of Common Pleas (the allowance of claim #95-417900 was presented to the [C]ommon Pleas Court by way of an appeal filed pursuant to Ohio Revised Code Section 4123.512) additionally reflects that all claims pending with this employer of record were included in the settlement. In this regard the Staff Hearing Officer finds the language of the settlement agreement to be clear. Notably at page four of the Settlement Agreement it is stated that "Claimant acknowledges that this agreement includes any pending claim with respect to any workers' compensation issue." In fact the sworn statement signed by claimant which is attached to the settlement agreement acknowledges that claimant was informed that this is a complete and final settlement of all her claims against the employer.
The totality of the above evidence persuades this Staff Hearing Officer that claim number 95-437404 has been fully and finally settled as part of the agreement and disposition obtained in the Trumbull County Court of Common Pleas action involving claim number #95-417900.
(Emphasis sic.)
 {¶ 17} 11. Further appeal was refused.
 {¶ 18} 12. At oral argument in the court of appeals, counsel for claimant stated that claimant filed an appeal in common pleas court under R.C. 4123.512, but later dismissed it without prejudice, with the right to refile within one year.
Conclusions of Law:
 {¶ 19} Claimant challenges the commission's decision that she is no longer entitled to participate in the workers' compensation system with respect to the injury on April 4, 1995, in claim number 95-437404.
 {¶ 20} First, the magistrate notes that R.C. 4123.512
provides as follows:
(A) The claimant or the employer may appeal an order of theindustrial commission made under division (E) of section4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent ofdisability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. * * * (Emphasis added.) Because the administrative decision at issue in this action was not a decision as to the extent of disability, it would appear that claimant had the right under R.C. 4123.512 to appeal the commission's adverse decision to the common pleas court.
 {¶ 21} The Ohio Supreme Court has held that, when a commission order extinguishes a claimant's right to participate, or to continue to participate, in workers' compensation benefits, that decision can be appealed to the common pleas court under R.C. 4123.512 (or its predecessor, R.C. 4123.519). See, e.g.,State ex rel. Hinds v. Indus. Comm. (1999), 84 Ohio St.3d 424
(concluding that, where the commission has barred further participation in workers' compensation benefits, based on the statute of limitations in R.C. 4123.52, the commission's decision is appealable to the common pleas court under R.C. 4123.512);Valentino v. Keller (1967), 9 Ohio St.2d 173 (holding that a commission decision concluding that it lacked jurisdiction to consider a request for benefits was appealable to the common pleas court); State ex rel. Superior's Brand Meats, Inc. v.Indus. Comm. (1992), 63 Ohio St.3d 277 (stating that a commission decision on the question of its continuing jurisdiction, being appealable pursuant to statute, may not be presented in mandamus to a court); State ex rel. ConsolidationCoal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281 (stating that when the commission's decision regarding the allowance of a condition is based on a jurisdictional determination, the decision is appealable under the statute).
 {¶ 22} Here, claimant argued before the commission that she never intended to release her claims in claim number 95-437404. However, the commission rejected her argument, concluding that all claims had been settled and released by claimant, as evidenced by the documents that claimant signed.
 {¶ 23} The commission's order did not address the extent of disability, and its decision was not based on the extent of disability. Rather, the commission completely barred claimant from participating in workers' compensation benefits for the injury sustained on April 4, 1995. Thus, it appears that claimant could have appealed the commission's decision to the common pleas court under the language of R.C. 4123.512. Accordingly, claimant had and still has an adequate remedy at law under R.C. 4123.512. Therefore, relief in mandamus is not available.
 {¶ 24} The magistrate is familiar with the decision in Stateex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, in which the commission stated the issues and holding as follows:
Two issues are presented for our review: (1) Can a claimant who was denied R.C. 4123.60 compensation for failure to show dependency appeal to the common pleas court pursuant to R.C.4123.512? and (2) Can Robert's estate collect his accrued R.C.4123.60 compensation? For the reasons that follow, we hold that dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable. We further hold that a decedent's estate can be entitled to R.C. 4123.60 compensation that accrued but was not paid to the decedent. * * *
Id. at 278. However, in the course of reaching that holding, the court stated emphatically that the "only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." Id. at 279; see, also, id. at 280 (stating that "any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue"). Nonetheless, the court did not expressly overrule decisions such as Hinds, Valentino,Superior's Brand Meats, and Consolidation Coal, supra.
 {¶ 25} Thus, the magistrate returns to the plain language of R.C. 4123.512, which makes clear that a commission decision other than a "decision as to the extent of disability" is appealable to the common pleas court. It is obvious in this action that the administrative decision at issue simply did not decide any question as to the extent of disability. Further, in all the judicial opinions cited in the briefs in which Ohio courts have reviewed a commission order barring benefits due to a settlement, the courts rendered their decisions in cases that were before them pursuant to an appeal to the common pleas court under R.C.4123.512. See Bedinghaus v. Administrator, BWC (Mar. 16, 2001), Hamilton App. No. C-468; Inchaurregui v. Ford Motor Co. (June 7, 2000), Lorain App. No. 98CA-7187; Myers v. Indus. Comm.
(Sept. 21, 1988), Hamilton App. No. C-870819. See, also, Wagnerv. Krouse (1983), 7 Ohio App.3d 378, 380 (holding, where claimant's request for additional benefits was administratively denied due to a previous settlement agreement, that "the proper remedy for [claimant] was to have pursued was an appeal through the administrative process and then, if necessary, to the court of common pleas pursuant to R.C. 4123.519"), motion to certify denied (June 29, 1983), S.Ct. No. 83-650; Clendenen v. Indus.Comm. (1942), 140 Ohio St. 414 (where commission refused to consider compensation on the ground that claimant had accepted a settlement and the commission lacked jurisdiction to consider the request, claimant appealed to the common pleas court under the statutory provision then in effect).
 {¶ 26} Further, in this case the claimant presented evidence regarding her intentions and her attorney's intentions when settling the dispute, evidence that was subject to evaluation by the commission as the finder of fact. The magistrate observes that, in a common pleas court, the weight and credibility of the evidence regarding parties' intentions would be particularly suited to consideration by a finder of fact such as a jury.
 {¶ 27} In summary, based on the plain language in R.C.4123.512, and given the consistent presentation of this issue to the common pleas courts under R.C. 4123.512 (challenges to a commission order barring benefits due to a settlement), the magistrate concludes that it would be appropriate in this action to deny a writ of mandamus on the grounds that the commission's decision was appealable to the common pleas court. Because claimant has an adequate remedy under R.C. 4123.512, extraordinary relief in mandamus is not necessary.
 {¶ 28} However, in the alternative, if this court determines that a challenge in mandamus is appropriate, then the magistrate addresses the merits and concludes that the commission's findings of fact in this disputed matter were within its discretion, being supported by some evidence that was cited in the order. The commission, as the finder of fact administratively, was solely responsible for evaluating the evidence and determining its weight and credibility. State ex rel. Pass v. C.S.T. ExtractionCo. (1996), 74 Ohio St.3d 373; State ex rel. Bell v. Indus.Comm. (1995), 72 Ohio St.3d 575. Here, the commission determined the parties' intentions when entering the settlement, and it relied on the documents submitted by the employer rather than on claimant's contrary evidence of her intent. Resolutions of such evidentiary disputes are within the commission's discretion.
 {¶ 29} The commission cited the evidence on which it relied in making its findings, and its determination was not unreasonable, arbitrary, or capricious. In mandamus, claimant has not met her burden of establishing that the commission abused its discretion in its findings upon the evidence, and, therefore, the magistrate recommends that the court deny the requested writ of mandamus.
 /s/ P.A. Davidson 
P.A. DAVIDSON MAGISTRATE